UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MATTHEW GREEN, GERALD HALL, JAMES D. HOUSE, JOHN K. RARY, CARLTON KEITH FARR, JAMES COLUMBIA, II, KEVIN BRYANT, THOMAS ADAM BRYANT, STEVEN LONG, BRADLEY ROBBINS, ANDREW HUBBARD, LARRY PATRICK, THOMAS BERNARD, BRADLEY ROBBINS, GREGORY LEE MARTIN, ANTHONY WAYNE EDMONDS, GARY RUDOLPH, RICHARD LEWIS REECE, JR., JUSTIN DICKENS, ADAM BEN HOOPER, KEVIN WINE, AND JACY BOOTH, Individually, and on behalf of all others similarly- situated, <br><br>   Plaintiffs, <br><br> v. <br><br> FLOWERS FOODS, INC., FLOWERS BAKING CO. OF BIRMINGHAM, LLC, FLOWERS BAKING CO. OF GADSDEN, LLC, FLOWERS BAKING CO. OF BARDSTOWN, LLC, FLOWERS BAKING CO. OF DENTON, LLC, FLOWERS BAKING CO. OF NEW ORLEANS, LLC, FLOWERS BAKING CO. OF BATON ROUGE, LLC, FLOWERS BAKING CO. OF OPELIKA, LLC, FLOWERS BAKING CO. OF BATESVILLE, LLC, FLOWERS BAKING CO. OF JAMESTOWN, LLC, FLOWERS BAKING CO. OF KNOXVILLE, LLC, FLOWERS BAKING CO. OF MORRISTOWN, LLC, FLOWERS BAKING CO. OF LYNCHBURG, LLC, AND FLOWERS BAKING CO. OF LENEXA, LLC, <br><br>   Defendants. | Case No. _____ <br><br><br><br><br><br><br><br> CONSOLIDATED COLLECTIVE ACTION COMPLAINT FOR APPROVAL OF SETTLEMENT |

Plaintiffs file this Consolidated Collective Action Complaint for the purpose of approving a settlement ("Settlement Agreement") that has been reached and state as follows:[1]

---

[1] The term "Named Plaintiffs" herein refers to the specifically-named individuals set forth in the case caption above. The term "Plaintiffs" refers to both Named Plaintiffs and all others similarly situated.

**PRELIMINARY STATEMENT**

1. This Consolidated Complaint results from the consolidation for all purposes under Federal Rule of Civil Procedure 42(a)(2) of 12 pending lawsuits (referred to herein as "Original Lawsuits" or, each one individually, as an "Original Lawsuit"), *Green v. Flowers Foods, Inc., et al.*, Case No. 17-cv-00784 pending in the Northern District of Alabama, *Hall, et al. v. Flowers Foods, Inc., et al.*, Case No. Case No. 17-cv-00784 pending in the Northern District of Alabama, *Farr v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-774 pending in the Middle District of Alabama, *Columbia, v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-302 pending in the Western District of Kentucky, *Kevin Bryant v. Flowers Foods, Inc., et al.*, Case No. 4:17-cv-00725 pending in the Eastern District of Texas, *Thomas Adam Bryant, et al. v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-118 pending in the Southern District of Mississippi, *Robbins v. Flowers Foods, Inc., et al.*, Case No. 3:17-cv-00138 pending in the Northern District of Mississippi, *Martin, et al. v. Flowers Foods, Inc., et al.*, Case No. 1:18-cv-00468 pending in the Middle District of North Carolina, *Long v. Flowers Foods, Inc., et al.*, Case No. 3:17-cv-00724 pending in the Middle District of Tennessee, *Dickens, et al. v. Flowers Foods, Inc., et al.*, Case No. 7:18-cv-00163 pending in the Western District of Virginia, *Wine v. Flowers Foods, Inc., et al.*, Case No. 6:18-cv-00066 pending in the Western District of Virginia, and *Booth. v. Flowers Foods, Inc., et al.*, Case No. 4:18-cv-00667 pending in the Western District of Missouri.

2. The Original Lawsuits are descendants of a previous action before this Court, *Stewart, et al., v. Flowers Foods, Inc., et al.,* Case No. 1:15-cv-01162. The parties believe that this Court's familiarity with the *Stewart* litigation makes it the most logical forum for this Consolidated Complaint.

3.      Plaintiffs are current and former "Distributors" of Flowers Baking Co. of Birmingham, LLC, Flowers Baking Co. of Gadsden, LLC, Flowers Baking Co. of Bardstown, LLC, Flowers Baking Co. of Denton, LLC, Flowers Baking Co. of New Orleans, LLC, Flowers Baking Co. of Baton Rouge, LLC, Flowers Baking Co. of Opelika, LLC, Flowers Baking Co. of Batesville, LLC, Flowers Baking Co. of Jamestown, LLC, Flowers Baking Co. of Knoxville, LLC, Flowers Baking Co. of Morristown, LLC,  Flowers Baking Co. of Lynchburg, LLC, and/or Flowers Baking Co. of Lenexa, LLC ("Flowers Baking Entities" or, individually, "Flowers Baking Entity"). In the Original Lawsuits, Named Plaintiffs seek relief on behalf of the themselves and those similarly situated who were classified as independent contractor "Distributors" and operated under a Distributor Agreement with one of the Flowers Baking Entities during the Covered Period, as defined below, and to whom Defendants did not pay overtime for hours worked in excess of forty (40) hours per week. Named Plaintiffs allege violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and seek monetary relief in the form of unpaid overtime compensation, liquidated damages, and other relief for themselves and those similarly situated.

4.      Named Plaintiffs bring this action on behalf of themselves and others similarly situated who operated as Distributors with a Flowers Baking Entity during the appropriate Covered Period [2] and who are within the putative classes sought in the Original Lawsuits,

---

[2] The Covered Period means the following period for each Original Lawsuit as delineated in the table below:

| Original Lawsuit | Beginning of Covered Period | End of Covered Period |
|---|---|---|
| *Matthew Green v. Flowers Baking Co. of Birmingham, LLC, et al.* | May 11, 2014 | September 7, 2018 |
| *Gerald Hall, et al. v. Flowers Baking Co. of Gadsden, LLC, et al.* | June 5, 2014 | September 7, 2018 |
| *Carlton Keith Farr v. Flowers Baking Co. of Opelika, LLC, et al.* | August 31, 2015 | September 7, 2018 |
| *James Columbia, II v. Flowers Baking Co. of Bardstown, LLC, et al.* | May 14, 2015 | September 7, 2018 |
| *Thomas Bryant, et al. v. Flowers Baking Co. of New Orleans, LLC, et al.* | February 23, 2015 | September 7, 2018 |

except as otherwise specified in the Settlement Agreement. Excepting the Named Plaintiffs, this group is hereinafter referred to as the "FLSA Class."

5. Each Named Plaintiff has provided their written consent to participate in this litigation as required by 29 U.S.C. § 216(b). Copies of Named Plaintiffs' consents to join this action have been concurrently filed with the Court in accordance with 29 U.S.C. § 216(b). Named Plaintiffs and various other Plaintiffs previously filed their consents to join this action in the collective actions captioned: *Green v. Flowers Foods, Inc., et al.*, Case No. 17-cv-00784 pending in the Northern District of Alabama, *Hall, et al. v. Flowers Foods, Inc., et al.*, Case No. Case No. 17-cv-00784 pending in the Northern District of Alabama, *Farr, et al. v. Flowers Foods, Inc.*, Case No. 3:18-cv-774 pending in the Middle District of Alabama, *Columbia v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-302 pending in the Western District of Kentucky, *Kevin Bryant v. Flowers Foods, Inc., et al.*, Case No. 4:17-cv-00725 pending in the Eastern District of Texas, *Thomas Adam Bryant, et al. v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-118 pending in the Southern District of Mississippi, *Robbins v. Flowers Foods, Inc., et al.*, Case No. 3:17-cv-00138 pending in the Northern District of Mississippi, *Martin, et al. v. Flowers Foods, Inc.*, Case No. 1:18-cv-00468 pending in the Middle District of North Carolina, *Long v. Flowers Foods, Inc., et al..*, Case No. 3:17-cv-00724 pending in the Middle District of

| | | |
|---|---|---|
| *Bradley Robbins v. Flowers Baking Co. of Batesville, LLC, et al.* | July 31, 2014 | September 7, 2018 |
| *Gregory Martin, et al. v. Flowers Baking Co. of Jamestown, LLC, et al.* | May 31, 2015 | September 7, 2018 |
| *Kevin Bryant v. Flowers Baking Co. of Denton, LLC, et al.* | October 9, 2014 | September 7, 2018 |
| *Steven Long v. Flowers Baking Co. of Knoxville, LLC, et al.* | April 20, 2014 | September 7, 2018 |
| *Justin Dickens, et al. v. Flowers Baking Co. of Morristown, LLC, et al.* | April 10, 2015 | September 7, 2018 |
| *Kevin Wine v. Flowers Baking Co. of Lynchburg, LLC, et al.* | June 27, 2015 | September 7, 2018 |
| *Jacy Booth v. Flowers Baking Co. of Lenexa, LLC, et al.* | August 23, 2015 | September 7, 2018 |

Tennessee, *Dickens, et al. v. Flowers Foods, Inc.*, Case No. 7:18-cv-00163 pending in the Western District of Virginia, *Wine v. Flowers Foods, Inc., et al.*, Case No. 6:18-cv-00066 pending in the Western District of Virginia, and *Booth v. Flowers Foods, Inc., et al.*, Case No. 4:18-cv-00667 pending in the Western District of Missouri.

6. In addition to the Named Plaintiffs, all members of the FLSA Class are entitled to collectively participate in this action and the accompanying settlement by choosing to "opt in" via a written consent to join form.

7. At present, Named Plaintiffs Matthew Green, Gerald Hall, James D. House, John K. Rary, Carlton Keith Farr, James Columbia, II, Kevin Bryant, Thomas Adam Bryant, Andrew Hubbard, Larry Patrick, Thomas Bernard, Bradley Robbins, Gregory Lee Martin, Anthony Wayne Edmonds, Gary Rudolph, and Richard Lewis Reece, Jr., Steven Long, Justin Dickens, Adam Ben Hooper, Kevin Wine, and Jacy Booth seek and/or are willing to serve as collective and class representatives for these respective claims set forth herein to the extent a collective or class representative is necessary by operation of controlling law. Plaintiffs reserve all rights to add or change the proposed representatives as permitted by law, procedure and court rulings.

8. Defendants have denied, and continue to deny, all of Plaintiffs' allegations contained in the twelve (12) Original Lawsuits and contained within this Consolidated Complaint.

9. Currently, there are legal and factual disputes in all of the pending collective actions against Defendants.

10. On September 7, 2018 the parties held a mediation in Atlanta, Georgia where a global settlement of all of the pending collective actions was reached in principle. This

5

Agreement in principle has subsequently been memorialized in a comprehensive Settlement Agreement.

11. The Parties agreed to file this Consolidated Action for purposes of seeking Court approval of this settlement.

## PARTIES

12. Plaintiffs all currently or formerly operated under a Distributor Agreement with a Flowers Baking Entity.

13. During the Covered Period,[3] Named Plaintiff Matthew Green resided in Alabama. Named Plaintiff Green filed his consent to join on May 11, 2017.

14. During the Covered Period, Named Plaintiff Gerald Hall resided in Alabama. Named Plaintiff Hall filed his consent to join on June 5, 2017.

15. During the Covered Period, Named Plaintiff James House resided in Alabama. Named Plaintiff House filed his consent to join on June 5, 2017.

16. During the Covered Period, Named Plaintiff John Rary resided in Alabama. Named Plaintiff Rary filed his consent to join on June 5, 2017.

17. During the Covered Period, Named Plaintiff Carlton Keith Farr resided in Alabama. Named Plaintiff Farr filed his consent to join on August 31, 2018.

18. During the Covered Period, Named Plaintiff James Columbia, II resided in Kentucky. Named Plaintiff Columbia filed his consent to join on May 14, 2018.

19. During the Covered Period, Named Plaintiff Thomas Adam Bryant resided in Mississippi. Named Plaintiff Bryant filed his consent to join on February 23, 2018.

---

[3] "Covered Period" refers to the applicable Covered Period governing each Named Plaintiff's claims, as outlined in fn. 1 above.

6

20. During the Covered Period, Named Plaintiff Andrew Hubbard resided in Mississippi. Named Plaintiff Hubbard filed his consent to join on February 23, 2018.

21. During the Covered Period, Named Plaintiff Larry Patrick resided in Mississippi. Named Plaintiff Patrick filed his consent to join on February 23, 2018.

22. During the Covered Period, Named Plaintiff Thomas Bernard resided in Louisiana. Named Plaintiff Bernard filed his consent to join on February 23, 2018.

23. During the Covered Period, Named Plaintiff Bradley Robbins resided in Mississippi. Named Plaintiff Robbins filed his consent to join on July 31, 2017.

24. During the Covered Period, Named Plaintiff Gregory Lee Martin resided in North Carolina. Named Plaintiff Martin filed his consent to join on May 31, 2018.

25. During the Covered Period, Named Plaintiff Anthony Wayne Edmonds resided in North Carolina. Named Plaintiff Edmonds filed his consent to join on May 31, 2018.

26. During the Covered Period, Named Plaintiff Gary Rudolph resided in North Carolina. Named Plaintiff Rudolph filed his consent to join on May 31, 2018.

27. During the Covered Period, Named Plaintiff Richard Lewis Reece, Jr. resided in North Carolina. Named Plaintiff Reece filed his consent to join on May 31, 2018.

28. During the Covered Period, Named Plaintiff Kevin Bryant resided in Texas. Named Plaintiff Bryant filed his consent to join on October 9, 2017.

29. During the Covered Period, Named Plaintiff Steven Long resided in Tennessee. Named Plaintiff Long filed his consent to join on April 20, 2017.

30. During the Covered Period, Named Plaintiff Justin Dickens resided in Virginia. Named Plaintiff Dickens filed his consent to join on April 10, 2018.

31. During the Covered Period, Named Plaintiff Adam Ben Hooper resided in Virginia. Named Plaintiff Hooper filed his consent to join on September 6, 2018.

32. During the Covered Period, Named Plaintiff Kevin Wine resided in Virginia. Named Plaintiff Wine filed his consent to join on June 27, 2018.

33. During the Covered Period, Named Plaintiff Jacy Booth resided in Missouri. Named Plaintiff Booth filed his consent to join on August 23, 2018.

34. A list of all other members of the FLSA Class who have opted into *Green/Hall* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit A*.

35. A list of all other members of the FLSA Class who have opted into *Long* to date, and the dates their respective consents to join were filed, is attached hereto as *Exhibit B*.

36. A list of all other members of the FLSA Class who have opted into *Robbins* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit C*.

37. A list of all other members of the FLSA Class who have opted into *Kevin Bryant* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit D*.

38. A list of all other members of the FLSA Class who have opted into *Thomas Adam Bryant* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit E*.

39. A list of all other members of the FLSA Class who have opted into *Dickens* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit F*.

40. A list of all other members of the FLSA Class who have opted into *Columbia* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit G*.

41. A list of all other members of the FLSA Class who have opted into *Farr* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit H*.

42. A list of all other members of the FLSA Class who have opted into *Booth* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit I*.

43. A list of all other members of the FLSA Class who have opted into *Wine* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit J*.

44. A list of all other members of the FLSA Class who have opted into *Martin* to date and the dates their respective consent to join forms were filed is attached hereto as *Exhibit K*.

45. Future opt-ins from the FLSA Class will also become parties in this Consolidated Action.

46. Defendant Flowers Foods, Inc. is a Georgia corporation with its principal place of business in Thomasville, Georgia.

47. Defendant Flowers Baking Co. of Knoxville, LLC is a Tennessee limited liability company with its principal place of business in Knoxville, Tennessee.

48. Defendant Flowers Baking Co. of Morristown, LLC is a Tennessee limited liability company. Until it closed operations, its principal place of business was in Morristown, Tennessee.

49. Defendant Flowers Baking Co. of Birmingham, LLC is an Alabama limited liability company with its principal place of business in Birmingham, Alabama.

50. Defendant Flowers Baking Co. of Opelika, LLC is an Alabama limited liability company with its principal place of business in Opelika, Alabama.

51. Defendant Flowers Baking Co. of Batesville, LLC is an Arkansas limited liability company, registered in Mississippi, with its principal place of business in Batesville, Arkansas.

52. Defendant Flowers Baking Co. of Denton, LLC is a Texas limited liability company with its principal place of business in Denton, Texas.

53. Defendant Flowers Baking Co. of New Orleans, LLC is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana.

54. Defendant Flowers Baking Co. of Jamestown, LLC is a North Carolina limited liability company with its principal place of business in Jamestown, North Carolina.

55. Defendant Flowers Baking Co. of Lynchburg, LLC is a Virginia limited liability company with its principal place of business in Lynchburg, Virginia.

56. Defendant Flowers Baking Co. of Bardstown, LLC is a Kentucky limited liability company its principal place of business in Bardstown, Kentucky.

57. Defendant Flowers Baking Co. of Lenexa, LLC is a Kansas limited liability company, registered in Missouri, with its principal place of business in Lenexa, Kansas.

58. Defendants contract with individuals classified as Distributors to deliver fresh baked goods to their customers (primarily grocery stores, mass retailers, and fast food chains). In addition to delivering bakery products to their customers, Distributors stock products on store shelves, retrieve outdated product, and assemble promotional displays, among other tasks.

**JURISDICTION AND VENUE**

59. Jurisdiction over the Plaintiffs' federal claims is based upon Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216 and 29 U.S.C. §§ 1331 and 1337.

60. The Court has personal jurisdiction over Defendants because Flowers Baking Co. of Batesville, LLC has conducted and continues to conduct business in this District, because many of the acts complained of and giving rise to the claims alleged have occurred and are continuing to occur in this District, and because Defendants have otherwise specifically consented to the personal jurisdiction of the Court for settlement purposes in the Settlement Agreement.

61. Venue is proper because Flowers Baking Co. of Batesville, LLC regularly conducts business in this District, because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District, and because Defendants consent that venue is proper for settlement purposes.

**SUMMARY OF FACTS OF THE TWELVE ORIGINAL LAWSUITS**

62. In each of the twelve (12) Original Lawsuits, Named Plaintiffs brought collective action claims against Flowers Foods and one or more of the subsidiary Defendants, pursuant to 29 U.S.C. §216(b), on behalf of themselves and all similarly-situated individuals.

63. Plaintiffs alleged that Defendants' business consists of distributing bakery and snack food products to retail customers and that they violated the FLSA by improperly misclassifying Plaintiffs as independent contractors and denying them overtime pay in violation of the FLSA.

64. Plaintiffs are distributors who deliver bakery products to various customers.

65. Plaintiffs alleged that, despite classifying them as independent contractors, Defendants maintained control over all aspects of the distributors' relationship with Defendants and the customers, including, *inter alia*, wholesale and retail prices for products; service and delivery agreements; negotiating shelf space to display products; establishing promotional pricing for products; the ability to change orders placed by Plaintiffs; and the right to discipline Plaintiffs, up to and including termination.

66. Defendants expressly denied and continue to deny Plaintiffs' allegations and maintain that, even assuming, *arguendo*, Plaintiffs were misclassified as independent contractors, they were nevertheless exempt from the overtime requirements of the FLSA. At all times, there were numerous disputed legal issues regarding Plaintiffs' eligibility to receive overtime compensation.

67. Plaintiffs further alleged that they regularly and repeatedly worked in excess of forty (40) hours per workweek without overtime compensation.

68. Defendants expressly denied and continue to deny Plaintiffs' allegations regarding the number of hours distributors worked. At all times, there were disputed factual issues regarding the amount of overtime compensation, if any, Plaintiffs were entitled to receive.

69. On September 7, 2018, the Parties participated in a full-day mediation facilitated by Hunter Hughes, Esq., a highly-experienced and qualified mediator, during which a global resolution of all twelve cases was reached.

70. To allow for the most efficient approval and administration of this settlement, the twelve Original Lawsuits have been stayed to allow the Parties to move for settlement approval in this Consolidated Collective Action.

## FLSA COLLECTIVE ACTION ALLEGATIONS

71. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

72. Named Plaintiffs have filed this Consolidated Complaint for purposes of issuing notice of the settlement to all members of the FLSA Class, and requesting Court approval of this global FLSA settlement, in a manner that conserves judicial resources.

73. For purposes of settlement only, the Parties seek certification of the following opt-in settlement class pursuant to Section 216(b) of the FLSA. This putative class is defined as:

> Except as otherwise specified in the Settlement Agreement, all Distributors who operated under a Distributor Agreement with a Flowers Baking Entity during the appropriate Covered Period who did not previously sign a new Distributor Agreement or Amendment to the Distributor Agreement containing an arbitration agreement with a class action waiver and who submit a Claim Form and Release to join this action pursuant to 29 U.S.C. §216(b)[4]

74. Named Plaintiffs contend they and members of the FLSA Class are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendants' common practice, policy, or plan of controlling their daily job functions.

75. Count I of this Consolidated Complaint for alleged violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the Named Plaintiffs are similar to the claims of members of the FLSA Class. Therefore, the Named Plaintiffs are permitted to bring this action as a collective action, on behalf of themselves and members of the FLSA Class pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

---

[4] The putative class also includes the Named Plaintiffs and those opt-in Plaintiffs specified in Section 1.6 of the Settlement Agreement. Putative class members who are also Current Distributors must also execute an Amendment to the Distributor Agreement and the accompanying Arbitration Agreement.

13

76. The names and addresses of members of the FLSA Class are available from Defendants' records. Collective action notices have been disseminated in the following cases:

    a) *Steven Long v. Flowers Foods, Inc., Flowers Baking Co. of Morristown, LLC, and Flowers Baking Co. of Knoxville, LLC;*

    b) *Kevin Bryant v. Flowers Foods, Inc. and Flowers Baking Co. of Denton, LLC;*

    c) *Bradley Robbins v. Flowers Foods, Inc. and Flowers Baking Co. of Batesville, LLC;* and

    d) *Matthew Green v. Flowers Foods, Inc. and Flowers Baking Co. of Birmingham, LLC*.

77. The last collective action notice was disseminated in mid-2018, and no notice has been sent since that date. Plaintiffs and Defendants stipulate that for purposes of effectuating class-wide settlement, an updated notice, informing members of the FLSA Class of the settlement, should be provided to the FLSA Class via both first-class mail and by posting in warehouse locations of the Flowers Baking Entities as soon as possible.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY OVERTIME TO THE NAMED PLAINTIFFS INDIVIDUALLY AND MEMBERS OF THE FLSA CLASS (FLSA, 29 U.S.C. §§ 201, et seq.)**

78. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

79. Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1)

80. Plaintiffs have alleged that no exemptions are applicable to them, and that they regularly worked more than 40 hours per week but did not receive overtime pay for such hours in excess of 40 within weekly pay periods during all times material herein.

81. Plaintiffs further have alleged that Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premiums to Plaintiffs and without a good faith basis.

82. Defendants expressly deny Plaintiffs' allegations.

83. Therefore, the Named Plaintiffs demand they and the other members of the FLSA Class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week during the FLSA periods for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Named Plaintiffs, on behalf of themselves and all members of the FLSA Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Class and prompt issuance of notice to all members of the FLSA class, apprising them of the pendency of this action, and permitting them to participate in the FLSA Class Settlement by filing individual Consents to Join;

B. An Order approving the FLSA Class Settlement for fairness as set forth in the Settlement Agreement;

C. Attorneys' fees, as also set forth in the Settlement Agreement, pursuant to 29 U.S.C. § 216; and

    D.    Any other and further relief the Court may deem just or equitable.

Dated: February 1, 2019.                            Respectfully Submitted,

*/s/J. Russ Bryant*
Gordon E. Jackson (TN Bar No. 08323)
J. Russ Bryant (TN Bar No. 033830)
Paula R. Jackson (TN Bar No. 020149)
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

&

Michael L. Weinman (Tenn. 015074)
Weinman Thomas Law Firm
112 S. Liberty Street, Suite 321
P.O. Box 266
Jackson, TN 38302
(731) 423-5565
*mike@weinmanthomas.com*

&

Emily Alcorn (Tenn. 033281)
Gilbert McWherter Scott Bobbitt
341 Cool Springs Blvd., Suite 2300
Franklin, TN 37067
(615) 354-1144
*ealcorn@gilbertfirm.com*

**COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of February, 2019, a copy of the foregoing **CONSOLIDATED COLLECTIVE ACTION COMPLAINT** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system. Service of this filing is also being made via electronic mail to counsel for the Defendants below.

> Jonathan O. Harris, Esq.
> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
> 401 Commerce Street, Suite 1200
> Nashville, TN 37219
> *jon.harris@odnss.com*
>
> Audrey M. Calkins, Esq.
> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
> International Place, Tower II
> 6410 Poplar Avenue, Suite 300
> Memphis, TN 38119
> *audrey.calkins@odnss.com*
>
> Margaret Santen Hanrahan
> (*pro hac vice admission anticipated*)
> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
> 191 Peachtree Street NE, Suite 4800
> Atlanta, GA 30303
> and
> 201 South College Street, Suite 2300
> Charlotte, NC 28244
> *Maggie.hanrahan@odnss.com*
>
> */s/J. Russ Bryant*
> J. Russ Bryant