# EXHIBIT A

## GLOBAL SETTLEMENT AGREEMENT AND RELEASE

Pursuant to Fair Labor Standards Act ("FLSA") Section 216(b), and subject to court approval, this Global Settlement Agreement and Release ("Settlement Agreement"), including the attached Exhibits, is entered into between: (a) Plaintiffs Matthew Green, Gerald Hall, James D. House, John K. Rary, Carlton Keith Farr, James Columbia II, Kevin Bryant, Thomas Bryant, Andrew Hubbard, Larry Patrick, Thomas Bernard, Bradley Robbins, Gregory Lee Martin, Anthony Wayne Edmonds, Gary Rudolph, Richard Lewis Reece, Jr., Steven Long, Justin Dickens, Adam Hooper, Kevin Wine, and Jacy Booth (each a "Named Plaintiff" and, collectively, "Named Plaintiffs") and Qualified Class Members[1] for themselves individually and on behalf of any business entities through which they performed services, their respective spouses (if any), beneficiaries, heirs, administrators, executors, assigns, agents and representatives; and (b) Defendants Flowers Foods, Inc.; Flowers Baking Co. of Birmingham, LLC; Flowers Baking Co. of Gadsden, LLC; Flowers Baking Co. of Bardstown, LLC; Flowers Baking Co. of Denton, LLC; Flowers Baking Co. of New Orleans, LLC; Flowers Baking Co. of Baton Rouge, LLC; Flowers Baking Co. of Opelika, LLC; Flowers Baking Co. of Batesville, LLC; Flowers Baking Co. of Jamestown, LLC; Flowers Baking Co. of Knoxville, LLC; Flowers Baking Co. of Morristown, LLC; Flowers Baking Co. of Lynchburg, LLC; and Flowers Baking Co. of Lenexa, LLC (collectively "Defendants"). Named Plaintiffs, Qualified Class Members, and Defendants together shall be referred to as "the Parties."

In consideration of the promises and covenants set forth in this Settlement Agreement (and the attached Exhibits), the Parties stipulate and agree that the Original Lawsuits and the Action, as defined below, will be settled and compromised upon the terms and conditions set forth in this Settlement Agreement and will be dismissed with prejudice. The Parties intend this Settlement Agreement to fully and finally compromise, resolve, discharge, release, and settle the claims released in this Settlement Agreement and the attached Claim Forms and Releases and to dismiss the Original Lawsuits and the Action with prejudice, subject to Court approval and to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim or defense by any of the Parties.

NOW, THEREFORE, the Parties enter into this Settlement Agreement, and the Parties agree that upon the Court's approval of the Settlement Agreement: (1) the Action and Original Lawsuits shall be settled and compromised as between the Parties; (2) the proposed Approval Order in the form of Exhibit 1 shall be entered; (3) the Order of Dismissal with Prejudice in the form of Exhibit 2 dismissing the Action with prejudice and releasing all claims released in this Settlement Agreement and the Claim Forms and Releases against all Released Parties shall be entered; and (4) the Original Lawsuits shall be dismissed with prejudice on all of the following terms and conditions:

---

[1] Capitalized terms, except where such usage is self-evident, are principally defined in Section 1 below. A few terms are separately defined.

1.      **DEFINITIONS**

In addition to various terms defined elsewhere, the terms listed in this Section shall have the meanings ascribed to them for purposes of this Settlement Agreement.

1.1     <u>Action</u>: means the consolidated lawsuit, which shall be captioned *Matthew Green, et al. v. Flowers Foods, Inc., et al.* and filed by Named Plaintiffs in the United States District Court for the Western District of Tennessee, Eastern Division within twenty (20) business days of the Parties signing this Settlement Agreement, for purposes of notice and settlement approval.

1.2     <u>Amendment to Distributor Agreement</u>: means an Amendment to the Distributor Agreement that includes an Arbitration Agreement with a class action waiver that each Class Member who is a Current Distributor must execute to participate in this Settlement.  Both the Amendment and Arbitration Agreement must be signed by each Class Member who is a Current Distributor to participate in the settlement. The Amendment to Distributor Agreement and attached Arbitration Agreement is attached in the form of Exhibit 3.  Each Named Plaintiff who is a Current Distributor must sign the Amendment to Distributor Agreement and attached Arbitration Agreement as a condition precedent to this Settlement Agreement.

1.3     <u>Approval Order</u>: means the Order to be entered by the Court substantially in the form of Exhibit 1 that grants certification for settlement purposes under Section 216(b) of the FLSA and approves this Settlement Agreement.

1.4     <u>Attorneys' Fees and Costs</u>: means such funds as agreed to by the Parties, specifically $3,600,000.00 to compensate Class Counsel for their fees and an amount not to exceed $58,000 for Class Counsel's costs and expenses.

1.5     <u>Claim Form and Release</u>: means the form to be completed, signed and timely returned by Class Members as a condition for eligibility for payment under this Settlement Agreement. Copies of the proposed Claim Forms and Releases are attached hereto in the forms of Exhibits 4 (former distributors) and 5 (current distributors).

1.6     <u>Class Members</u>: means all Distributors (who are not Named Plaintiffs): 1) who operated under a Distributor Agreement with a Flowers Baking Entity (as defined below) during the appropriate Covered Period and are covered by the putative class as defined in the Original Lawsuit encompassing such Entity[2]; and who did not previously sign a new Distributor Agreement or Amendment to the Distributor Agreement containing an Arbitration Agreement with a class action waiver;[3] 2) who did not previously release their claims that are the subject

---

[2] Provided, however, any individuals who are putative class members in *Richard, et al. v. Flowers Foods, Inc., et al.*, No. 15-cv-2557, U.S. District Court for the Western District of Louisiana currently pending in Lafayette, Louisiana, are not entitled to participate in this Settlement and shall not be included in the definition of "Class Member" for purposes of this Settlement Agreement.

[3] For purposes of this Settlement Agreement, and without waiving any defenses to the enforceability of the Arbitration Agreement or class action waiver generally, Defendants have agreed to also resolve the claims of individuals who opted in before September 7, 2018 who signed the Amendment or New Distributor Agreement with the arbitration and class action waiver provision. These specifically-named individuals (and no others who signed the Amendment or New Distributor Agreement containing an arbitration agreement and class action waiver provision) will be included in the definition of "Class Members" for purposes of this Settlement Agreement and

matter of the Action in connection with the settlement of the lawsuits captioned *Stewart, et al. v. Flowers Foods, Inc., et al.,* No. 1:15-cv-01162, U.S. District Court for the Western District of Tennessee ("*Stewart* lawsuit"), *Massey v. Flowers Foods, Inc., et al.,* No. 5:16-cv-01233-R, U.S. District Court for the Western District of Oklahoma ("*Massey* lawsuit"), *Phillips, et al. v. Flowers Foods, Inc., et al.,* No. 4:17-CV-00267-TCK-JFJ, U.S. District Court for the Northern District of Oklahoma ("*Phillips* lawsuit"), or *Rehberg, et al. v. Flowers Foods, Inc., et al.,* No. 3:12-cv-00596, U.S. District Court for the Western District of North Carolina ("*Rehberg* lawsuit"); and 3) who did not previously release their claims that are the subject matter of the Action in connection with any other lawsuit, arbitration or proceeding. Class Members who released part of their claims in connection with the *Stewart* or *Rehberg* lawsuits shall only be entitled to a Settlement Payment for that portion of the applicable Covered Period for which they did not previously receive a payment for alleged FLSA damages and waive and release such claims. Class Members who waived or released a portion of their FLSA claims in the *Rehberg* or *Stewart* lawsuits are listed on Exhibit 6 hereto. Class Counsel agrees to dismiss with prejudice those opt-in Plaintiffs who waived or released all of their claims in connection with the *Stewart* settlement (Delbert Armstrong, Brandon McCollins, Talmadge Reynolds, and Valenti Armstead) and agree that such individuals shall not be considered Class Members for purposes of this Agreement. Class Counsel also agrees to dismiss the claims of any individuals who opted in to any of the Original Lawsuits after September 7, 2018 and who signed a new Distributor Agreement or the Amendment to the Distributor Agreement containing the Arbitration Agreement with a class action waiver. Class Counsel agrees that all such individuals shall not be considered Class Members for purposes of this Settlement Agreement.

1.7     Class Counsel: means Jackson, Shields, Yeiser, & Holt, Attorneys at Law; Sherman Silverstein Kohl Rose & Podolsky, P.A.; Weinman & Associates; and Gilbert McWherter Scott Bobbitt, PLC. For purposes of providing any notices required under this Agreement, Class Counsel shall refer to Russ Bryant of Jackson, Shields, Yeiser, & Holt, Attorneys at Law and Mike Weinman of Weinman & Associates.

1.8     Complaint: means the document that will be filed in the Action as D.E. # 1.

1.9     Court: means the United States District Court for the Western District of Tennessee, Eastern Division.

1.10     Covered Period: means the following period for each Original Lawsuit as delineated in the table below:

---

include: from *Green*: Nicholas Jahraus, Ronald Barker and Marvin Conrod; from *Columbia*: Jason Hamilton, Anthony Sloan, Richard Lee North, Jr., Robert W. Brownlee, Kyle Hearld, William Fee, Steven J. Young, and David Stanton; from *Long*: Christopher Coleman, Jr., Dylan Filingo, Jeffrey Scott Christy, Darryl Helton, Daniel Edwards, Andrew Bogle, Tim Lankford, Julian Bills-Sneed, Timothy L. Odom, Randy Kitts, William G. Caldwell, Jr., Scott Snapp, Henry Allen Ruff, Dawn Stephens, Christopher Harper, Anthony Hoss, Ramondo Stubbs, William C. Wood, Jr., Terry Rinehart, Benjamin D. Bishop, and Justin West; from *Dickens*: David Jackson, Jacob Cook, and David Hancock; from *Robbins*: Michael Tinnel; from *Kevin Bryant*: Stephen Smith, and Bradly Hall. Pursuant to Section 1.6 above, any individuals who opt in after September 7, 2018 and who signed the Amendment or New Distributor Agreement containing an arbitration agreement and class action waiver provision shall not be considered Class Members for purposes of this Settlement Agreement and Class Counsel agrees to dismiss their claims.

| Original Lawsuit | Beginning of Covered Period | End of Covered Period |
|---|---|---|
| *Matthew Green v. Flowers Baking Co. of Birmingham, LLC, et al.* | May 11, 2014 | September 7, 2018 |
| *Gerald Hall, et al. v. Flowers Baking Co. of Gadsden, LLC, et al.* | June 5, 2014 | September 7, 2018 |
| *Carlton Keith Farr v. Flowers Baking Co. of Opelika, LLC, et al.* | August 31, 2015 | September 7, 2018 |
| *James Columbia II v. Flowers Baking Co. of Bardstown, LLC, et al.* | May 14, 2015 | September 7, 2018 |
| *Thomas Bryant, et al. v. Flowers Baking Co. of New Orleans, LLC, et al.* | February 23, 2015 | September 7, 2018 |
| *Bradley Robbins v. Flowers Baking Co. of Batesville, LLC, et al.* | July 31, 2014 | September 7, 2018 |
| *Gregory Martin, et al. v. Flowers Baking Co. of Jamestown, LLC, et al.* | May 31, 2015 | September 7, 2018 |
| *Kevin Bryant v. Flowers Baking Co. of Denton, LLC, et al.* | October 9, 2014 | September 7, 2018 |
| *Steven Long v. Flowers Baking Co. of Knoxville, LLC, et al.* | April 20, 2014 | September 7, 2018 |
| *Justin Dickens, et al. v. Flowers Baking Co. of Morristown, LLC, et al.* | April 10, 2015 | September 7, 2018 |
| *Kevin Wine v. Flowers Baking Co. of Lynchburg, LLC, et al.* | June 27, 2015 | September 7, 2018 |
| *Jacy Booth v. Flowers Baking Co. of Lenexa, LLC, et al.* | August 23, 2015 | September 7, 2018 |

1.11    Current Distributor: means any Named Plaintiff or Class Member who operates under a Distributor Agreement that has not been terminated by a Flowers Baking Entity or assigned to a third-party by the Class Member as of the date of the execution of the Settlement Agreement (for Named Plaintiffs) or the completion of the Claim Form and Release period (for Class Members).

1.12    Defendants: means the Defendants in the Original Lawsuits: Flowers Foods, Inc. and the Flowers Baking Entities, as defined below.

1.13    Defense Counsel: means Ogletree, Deakins, Nash, Smoak & Stewart, P.C. For purposes of providing any notices required under this Agreement, Defense Counsel shall refer to Kevin Hishta and Maggie Hanrahan of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

1.14    Distributor: means any individual who operates or operated under a Distributor Agreement, either in his or her individual capacity or through his or her own business entity, with any Flowers Baking Entity during the applicable Covered Period.

1.15    Distributor Agreement: means the Distributor Agreement under which each of the Class Members and the Named Plaintiffs operated with any Flowers Baking Entity.

1.16    Effective Date: shall be the first day after the date that all of the following have occurred:

(a)    Class Counsel has delivered to Defense Counsel fully executed copies of this Settlement Agreement executed by all Named Plaintiffs;

(b)    Each Current Distributor Named Plaintiff has executed the Amendment to the Distributor Agreement and the Arbitration Agreement with the class action waiver, which is a condition precedent to this Settlement Agreement being effective, and Class Counsel has delivered copies of the same for each Current Distributor Named Plaintiff to Defense Counsel;

(c)    The Court has approved the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice; and

(d)    The Court's Judgment has become final and all time for any appeals has passed.

1.17    Eligible Weeks: means the number of weeks during the Covered Period for each Original Lawsuit that a Named Plaintiff or Class Member owned a single distribution territory. Notwithstanding the foregoing, Eligible Weeks shall not include any weeks during which any Flowers Baking Entity operated a Named Plaintiff's or Class Member's territory on behalf of the Named Plaintiff or Class Member due to a termination of the Named Plaintiff's or Class Member's Distributor Agreement. Named Plaintiffs or Class Members who owned more than one territory simultaneously may claim only one Eligible Week for each calendar week. Eligible Weeks shall also not include any weeks for which a Named Plaintiff or Class Member has already received compensation in connection with the settlement of the *Stewart* or *Rehberg* lawsuits.

1.18    Flowers Baking Entity or Flowers Baking Entities: means Flowers Baking Co. of Birmingham, LLC; Flowers Baking Co. of Gadsden, LLC; Flowers Baking Co. of Bardstown, LLC; Flowers Baking Co. of Denton, LLC; Flowers Baking Co. of New Orleans, LLC; Flowers Baking Co. of Baton Rouge, LLC; Flowers Baking Co. of Opelika, LLC; Flowers Baking Co. of Batesville, LLC; Flowers Baking Co. of Jamestown, LLC; Flowers Baking Co. of Knoxville, LLC; Flowers Baking Co. of Morristown, LLC; Flowers Baking Co. of Lynchburg, LLC; and Flowers Baking Co. of Lenexa, LLC.

1.19    Named Plaintiffs: means Matthew Green, Gerald Hall, James D. House, John K. Rary, Carlton Keith Farr, James Columbia II, Kevin Bryant, Thomas Bryant, Andrew Hubbard, Larry Patrick, Thomas Bernard, Bradley Robbins, Gregory Lee Martin, Anthony Wayne Edmonds, Gary Rudolph, Richard Lewis Reece, Jr., Steven Long, Justin Dickens, Adam Ben Hooper, Kevin Wine, and Jacy Booth.

1.20    Net Settlement Amount: means the net amount available for distribution of Settlement Payments to the Named Plaintiffs and Qualified Class Members.

1.21    Notice Program: means the plan approved by the Court for disseminating Settlement Notices to Class Members.

1.22   Original Courts: means each court where the Original Lawsuits were filed as reflected in the chart in Section 1.23 below.

1.23   Original Lawsuits: means each individual lawsuit included in this Settlement Agreement, as reflected in the list below.

| Original Lawsuit | United States District Court | Date Filed |
|---|---|---|
| *Matthew Green v. Flowers Baking Co. of Birmingham, LLC, et al.* | Northern District of Alabama | May 11, 2017 |
| *Gerald Hall, et al. v. Flowers Baking Co. of Gadsden, LLC, et al.* | Northern District of Alabama | June 5, 2017 |
| *Carlton Keith Farr v. Flowers Baking Co. of Opelika, LLC, et al.* | Middle District of Alabama | August 31, 2018 |
| *James Columbia II v. Flowers Baking Co. of Bardstown, LLC, et al.* | Western District of Kentucky | May 14, 2018 |
| *Thomas Bryant, et al. v. Flowers Baking Co. of New Orleans, LLC, et al.* | Southern District of Mississippi | February 23, 2018 |
| *Bradley Robbins v. Flowers Baking Co. of Batesville, LLC, et al.* | Northern District of Mississippi | July 31, 2017 |
| *Gregory Martin, et al. v. Flowers Baking Co. of Jamestown, LLC, et al.* | Middle District of North Carolina | May 31, 2018 |
| *Kevin Bryant v. Flowers Baking Co. of Denton, LLC, et al.* | Eastern District of Texas | October 9, 2017 |
| *Steven Long v. Flowers Baking Co. of Knoxville, LLC, et al.* | Middle District of Tennessee | April 20, 2017 |
| *Justin Dickens, et al. v. Flowers Baking Co. of Morristown, LLC, et al.* | Western District of Virginia | April 10, 2018 |
| *Kevin Wine v. Flowers Baking Co. of Lynchburg, LLC, et al.* | Western District of Virginia | June 27, 2018 |
| *Jacy Booth v. Flowers Baking Co. of Lenexa, LLC, et al.* | Western District of Missouri | August 23, 2018 |

1.24   Qualified Class Member: means a Class Member who meets the payment qualification requirements set forth in Section 13.

1.25   Released Parties: means Flowers Foods and the Flowers Baking Entities, and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, through, under, or in concert with any of these persons or entities and their successors and assigns.

1.26   Settlement Administrator: means Atticus Administration or the entity selected by Defendants to carry out the settlement administration duties described in this Settlement Agreement.

1.27   Settlement Class: means Named Plaintiffs and Qualified Class Members.

1.28   Settlement or Settlement Agreement: means this Global Settlement Agreement and Release, including all attached Exhibits.

1.29   Settlement Fund or QSF: means a qualified settlement fund established by the Settlement Administrator under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1, established at a United States bank selected by the Settlement Administrator.

1.30   Settlement Notice: means the forms of notice to be issued by First Class Mail, attached as Exhibits 7 (former distributors) and 8 (current distributors), informing Class Members about the terms of the Settlement Agreement and their right to participate in the Settlement.

1.31   Settlement Payment: means the proportionate amount each Qualified Class Member and Named Plaintiff is to receive under the Settlement Agreement and as calculated in Section 15.1 below.

1.32   Service Award: means the service or assistance payment to compensate Named Plaintiffs for their efforts.

## 2.   JURISDICTION

2.1   The Court has jurisdiction over the Parties and the subject matter of the Action. If any Party or Parties to this Settlement Agreement, or anyone who may become a party by virtue of this Settlement Agreement, is not subject to the personal jurisdiction of the Court, the Parties hereby consent to the jurisdiction of the Court for all claims and all Parties for settlement purposes only, and such Party or Parties reserve the right to assert lack of personal jurisdiction in any other lawsuit (except for any lawsuit to enforce this Settlement Agreement).

2.2   If and once the Settlement Agreement is fully and finally approved, the Court will dismiss the Action with prejudice. Once the Court's Judgment has become final and all time for any appeals has passed, the Parties will seek dismissal of all of the Original Lawsuits with prejudice, which have been stayed before the Original Courts, in the time frame set forth in the applicable Joint Motions to Stay filed in connection with the Original Lawsuits or, if no such time is specified therein, within ten (10) business days of the date the Court's Judgment has become final and all time for any appeals has passed.

2.3   The Parties stipulate that, for settlement purposes only, the Settlement Class satisfies the requirements of 29 U.S.C. § 216(b) for collective action certification and that approval of this Settlement Agreement is appropriate. In so stipulating, Defendants do not waive or abandon any arguments they may have that such certification is improper. Defendants consent to certification for settlement purposes only. Defendants in no way admit that Section 216(b) certification would be proper absent a settlement.

2.4     Failure to obtain the approval of this Settlement Agreement in the same format proposed to the Court, including, but not limited to, any failure as a result of any appeal of the Court's Approval Order and Judgment, will cause this Settlement Agreement to be void and unenforceable and to have no further force and effect unless otherwise agreed to by the Parties.

2.5     In the event this Settlement Agreement becomes void or unenforceable, any monies in the Settlement Fund shall remain the property of and shall be returned to Defendants, the Parties' litigation positions shall revert to the *status quo ante* before the execution of this Settlement Agreement, the Parties will not be deemed to have waived, limited, or affected in any way any of their claims, defenses, or objections in the Action or Original Lawsuits, including arguments for or against conditional certification or decertification, and Parties shall dismiss the Action without prejudice and resume litigating the Original Lawsuits consistent with this Paragraph 2.5.

## 3.     STATEMENT OF NO ADMISSION

3.1     Defendants deny liability for any claim or cause of action presented or alleged or that could have been presented or alleged in the Original Lawsuits or the Action, and Defendants deny that the Named Plaintiffs or Class Members are entitled to relief of any kind in the Original Lawsuits or the Action.

3.2     This Settlement Agreement does not constitute an admission by Defendants as to the merits, validity, or accuracy of the allegations or claims made against them in the Original Lawsuits or the Action and may not be construed as or deemed an admission of liability, culpability, negligence, willfulness, or wrongdoing on the part of Defendants.

3.3     Nothing in this Settlement Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Settlement Agreement, or may be introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement.

## 4.     CLAIMS OF THE NAMED PLAINTIFFS AND BENEFITS OF SETTLEMENT

4.1     Named Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed through extensive written and deposition discovery supports their claims. However, Named Plaintiffs and Class Counsel recognize and acknowledge the expense, complexities, and length of continued proceedings necessary to prosecute the Action through trial, and appeals, along with the litigation risk, including risk of a defense verdict stemming from Defendants' defenses.

4.2     Named Plaintiffs and Class Counsel have considered the uncertain outcome and the risk of this Action, especially the multi-party and collective action components of this Action, as well as the difficulties, delays, and risks of collection inherent in litigation.

4.3     Named Plaintiffs and Class Counsel believe that the Settlement Agreement confers substantial benefits upon Named Plaintiffs and the Qualified Class Members and is fair, reasonable, adequate, and in the best interests of Named Plaintiffs and the Qualified Class Members.

4.4     Named Plaintiffs agree and acknowledge that they all must execute this Settlement Agreement and for Named Plaintiffs who are Current Distributors, the Amendment to the Distributor Agreement and accompanying Arbitration Agreement with the class action waiver as a condition precedent to this Settlement Agreement.

## 5.     SETTLEMENT APPROVAL, REQUIRED EVENTS, AND COOPERATION BY THE PARTIES

5.1     Retention of Settlement Administrator: Within 14 days of the full execution of this Settlement Agreement by the Parties, Defendants shall retain a Settlement Administrator who shall be responsible for administration of the Settlement and various other duties described in this Settlement Agreement. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the settlement administration process as confidential, to implement appropriate security protocols, including encryption where appropriate to ensure the confidentiality of the information is maintained and all personal information of Class Members and Named Plaintiffs is secure, and to use such information solely for the purposes of settlement administration. Defendants shall be responsible for the fees and expenses of the Settlement Administrator.

5.2     Motions to Stay and Approval of Settlement: The Parties agree to the following terms for purposes of obtaining settlement approval:

5.2.1     The Parties agree to file appropriate Motions to Stay in the Original Lawsuits for purposes of effectuating the Settlement. In these Motions to Stay, the Parties will inform the Original Courts that a settlement has been reached in the respective Original Lawsuit and that they are in the process of filing a consolidated lawsuit in a mutually-agreed upon jurisdiction covering all of the Original Lawsuits for purposes of notice and settlement approval (the Action).

5.2.2     The Parties agree to work cooperatively to draft the Complaint for the Action for purposes of settlement approval and notice and to file the Action within twenty (20) business days after signing this Settlement Agreement.

5.2.3     As soon as reasonably practicable after the Parties file the Action, but no later than twenty-one (21) days after filing the Action, the Parties will submit a Joint Motion for Approval of Settlement, with the Settlement Agreement including all Exhibits, to the Court for its approval and jointly move the Court for entry of an Order substantially in the form of Exhibit 1, which will:

(a)     Determine that the Settlement Agreement and its terms are fair and reasonable;

     (b)  Certify the Settlement Class pursuant to 29 U.S.C. § 216(b) for purposes of sending Notice;

     (c)  Approve the proposed Settlement Notices, Claim Forms and Releases, and Notice Program;

     (d)  Direct the Settlement Administrator to disseminate the Settlement Notices, Claim Forms and Releases, and, for Current Distributors, the Amendments to the Distributor Agreement and attached Arbitration Agreements in the manner set forth in the Notice Program on or before the deadline contained in this Settlement Agreement;

     (e)  Determine that the Settlement Notices and the Notice Program: (i) meet the requirements of due process; (ii) are the best practicable notice under the circumstances; and (iii) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, and their right to opt into the proposed Settlement;

     (f)  Establish the following:

      (i)  The date by which the Settlement Notices shall issue;

      (ii)  The date by which Claim Forms and Releases and signed Amendments to the Distributor Agreement and accompanying Arbitration Agreements with the class action waiver are due.

  5.3  <u>Agreement that Answer is Not Required</u>: The Parties agree that, because the Action is being filed for the sole purpose of seeking approval of the Settlement Agreement, Defendants do not need to file a formal Answer to the Action. Rather, the approval papers will specifically note that the Parties filed the Action for the sole purpose of settlement approval and explicitly agreed that the filing of an Answer is not necessary and that Defendants' non-filing is not an admission of any allegation (either factual or legal) that is asserted in the Complaint or constitutes grounds for the entry of a default or default judgment against Defendants.

  5.4  <u>Good Faith Cooperation</u>: The Parties represent and acknowledge that they intend to implement the Settlement Agreement. The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

## 6.  NOTICE TO THE CLASS MEMBERS AND CLAIMS

  6.1  Within seven (7) days after the Court's entry of an Order approving the Settlement Agreement, Defendants will provide the Settlement Administrator a database listing the names, last known addresses, dates of ownership of distribution territories, social security numbers or dates of birth, and whether the distributor is active or inactive for all Class Members and Named Plaintiffs.

  6.2  Within fifteen (15) business days of the date the Court approves the Settlement Agreement, the Settlement Administrator shall disseminate the Settlement Notices, in the form of

Exhibits 7-8.  Settlement Notices shall be disseminated pursuant to the Notice Program in a manner that comports with constitutional due process.

6.3     The Parties agree that Class Members shall have a period of sixty (60) days to submit any Claim Forms and Releases and, for Current Distributor Class Members, the signed Amendments to the Distributor Agreement and accompanying Arbitration Agreements with the class action waiver.

6.4     Settlement Notices: The Settlement Notices, attached in the form of Exhibits 7 and 8, shall:

6.4.1   contain a short, plain statement of the background of the Action and the proposed Settlement;

6.4.2   describe the proposed Settlement relief as set forth in this Settlement Agreement;

6.4.3   inform Class Members who are Current Distributors that they must execute an Amendment to the Distributor Agreement and the Arbitration Agreement with a class action waiver, which will be attached thereto, to receive a Settlement Payment under this Settlement Agreement (execution of this Amendment to the Distributor Agreement and Arbitration Agreement with a class action waiver is a condition precedent to such Class Members' participation in this Settlement);

6.4.4   describe the procedures for participating in the Settlement and advise Class Members of their rights;

6.4.5   explain the scope of the release contained in the Claim Form and Release, and the impact of the Settlement Agreement on any existing litigation, arbitration, or other proceeding; and

6.4.6   explain that Counsel for the Parties may not advise on the tax consequences of participating or not participating in the Settlement.

6.5     Notice Program: The Settlement Notices and Claim Forms and Releases shall be disseminated by First Class Mail as follows:

6.5.1   Class Members Who Are Current Distributors: For Class Members who are Current Distributors for any Flowers Baking Entity: (1) a Settlement Notice in the form of Exhibit 8, (2) a Claim Form and Release in the form of Exhibit 5, and (3) an Amendment to the Distributor Agreement and the Arbitration Agreement and class action waiver in the form of Exhibit 3.

6.5.2   Class Members Who Are Former Distributors: For Class Members who are former Distributors for any Flowers Baking Entity: (1) a Settlement Notice in the form of Exhibit 7, and (2) a Claim Form and Release in the form of Exhibit 4.

The Claim Forms and Releases will include: (1) an acknowledgement that the signatory is a Class Member; (2) an acknowledgement that, by signing the Claim Form and Release, the signatory opts into the case as a party plaintiff pursuant to 29 U.S.C. § 216(b); and (3) a release of all wage and hour claims that were or could have been asserted in the Action, as specifically outlined in the Release attached to the Claim Form.

6.6    To be effective, a Claim Form and Release must be properly executed and returned to the Settlement Administrator, and the Claim Forms and Releases must be received by the Settlement Administrator no more than 60 days after the initial mailing of the Settlement Notice. Any Class Member who fails to submit a fully and properly executed Claim Form and Release within this time period shall forfeit any right to a Settlement Payment from the Net Settlement Amount and the amount allocated to such Class Member shall revert to Defendants. Any Class Member who is a Current Distributor who refuses to execute the Amendment to the Distributor Agreement and the Arbitration Agreement and class action waiver shall forfeit any right to a Settlement Payment from the Net Settlement Amount and the amount allocated to such Class Member shall revert to Defendants. Any Class Members who have previously opted into one of the Original Lawsuits but fail to comply with the conditions of settlement outlined herein shall have their respective claim dismissed without prejudice.

6.7    In order to facilitate efficient and expeditious implementation of this settlement, the Parties agree that the Claim Forms and Releases do not need to be filed with the Court. The Parties expressly agree that properly executed Claim Forms and Releases timely returned to the Settlement Administrator shall be binding to the fullest extent provided by law as if such Claim Forms and Releases had been filed with the Court.

6.8    <u>Effect of Failure to Grant Judgment and Final Approval</u>: In the event the Court fails to enter an Order and a Judgment in the forms referenced in Exhibits 1 and 2, or that the Order and Judgment fail to become Final, the Action will resume unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of judgment, (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement; or (3) return the parties' litigation positions to the *status quo ante* before the execution of this Settlement Agreement. In the event any reconsideration and/or appeal is denied, or a mutually agreed upon settlement is not approved, the Action will proceed as if no settlement had been attempted. In that case, the Settlement Class, which was certified for purposes of settlement, shall be decertified, the Parties agree to dismiss the Action without Prejudice, notify the courts in which the Original Lawsuits were filed that the Stay should be lifted and the case must proceed, and Defendants will retain the right to contest whether the Original Lawsuits should be maintained as a collective action and to contest the merits of the claims being asserted in the Original Lawsuits.

## 7.    TOTAL SETTLEMENT AMOUNT

7.1    Defendants agree to pay a maximum of $9,000,000.00 ("Total Settlement Amount"), which shall cover, resolve, and fully satisfy any and all amounts due under this Agreement, including: (1) Settlement Payments (as calculated in Section 15) to be paid to Qualified Class Members and Named Plaintiffs; (2) Attorneys' Fees and Costs; (3) Service Awards to Named Plaintiffs; and (4) Defendants' portion of Social Security and Medicare taxes.

Defendants also agree to pay for the costs of the Settlement Administrator, which is not included in the Total Settlement Amount. The Named Plaintiffs and Defendants acknowledge and agree that the full Total Settlement Amount will only be paid if 100% of the Class Members become Qualified Class Members. Any portion of the Total Settlement Amount allocated to a Class Member who does not become a Qualified Class Member as provided for in this Settlement Agreement shall revert to Defendants.

## 8. SERVICE AWARDS

8.1     From the QSF, Defendants agree to make Service Awards for the Named Plaintiffs in the amount of $25,000.00 each, with the exception of Matthew Green receiving $30,000.00 for a total of $530,000.00 in recognition of their involvement in commencing and discovering the claims represented in this litigation and in preparing for mediation for the benefit of all Class Members. Subject to the Settlement Claims Administrator's obligation to comply with applicable laws, all Service Awards shall be deemed non-wage compensation in their entirety. The Settlement Claims Administrator shall report the payment of these Service Awards on IRS Forms 1099. These Service Awards are separate from and in addition to the Settlement Payments that the Named Plaintiffs are eligible to receive from the Total Settlement Fund. Defendants agree to pay such Service Awards to the QSF within 14 calendar days after the Effective Date. The Settlement Administrator will distribute such Service Awards to Named Plaintiffs within seven (7) calendar days of Defendants' payment to the QSF. In addition to the aforementioned Service Awards the Named Plaintiffs' Settlement Payments (back pay and liquidated damages) will be calculated by multiplying the particular Named Plaintiff's number of Eligible Weeks by $100.00 in recognition of their involvement in commencing and discovering the claims represented in this litigation. The Parties agree to this method of calculating the Named Plaintiff's Settlement Payments and be paid out of the QSF.

## 9. ATTORNEYS' FEES AND COSTS

9.1     Payment of the attorneys' fees, expenses, and costs to Class Counsel above shall constitute full satisfaction of any and all obligations by Defendants to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of the Named Plaintiffs and Class Members. From the QSF, Defendants agree to the payment of the attorneys' fees in the amount of $3,600,000.00, and expenses and costs not to exceed $58,000.00 to Class Counsel. The Settlement Claims Administrator shall report the payment of these fees, expenses and costs to Class Counsel on IRS Forms 1099. Defendants will pay such Attorneys' Fees and Costs to the QSF within 14 calendar days after the Effective Date. The Settlement Administrator will distribute such Attorneys' Fees and Costs to Class Counsel within 7 calendar days of Defendants' payment to the QSF.

9.2     Class Counsel understands and agrees that the fees and costs as agreed to and outlined herein shall supersede and extinguish, as of the date of the Effective Date, any prior agreement between Class Counsel and any Named Plaintiff (and/or, as the case may be, other Class Member) concerning attorneys' fees and costs associated with the Original Lawsuits or the Action, and it shall be the full, final, and complete payment of all Attorneys' Fees and Costs associated with Class Counsel's representation of Named Plaintiffs, Class Members, as

applicable, and the Settlement. Defendants (and Released Parties) shall have no additional liability for any fees and costs associated with the Action or the Original Lawsuits.

## 10.    NON-MONETARY-RELIEF AND OTHER OPTIONS FOR DISTRIBUTORS

10.1    Defendants will establish a "Distributor Review Panel" for Current Distributors for the Flowers Baking Entities that currently have an independent distributor program. The Distributor Review Panel is an internal dispute resolution process whereby an independent distributor may appeal to an internal review panel for resolution of contract-related disputes, such as whether a breach of contract notice was properly issued, whether the distributor failed to comply with good industry practice, and the like.  The Panel will analyze the dispute between the distributor and the bakery and render a decision based on its findings.  The Panel will be composed of three (3) distributors who are not from the complainant-distributor's warehouse; a sales representative from the applicable Flowers Baking Entity who is not involved with overseeing the bakery's business relationship with the complainant-distributor; and a representative from the corporate distributor enablement department who has not been involved in advising the applicable Flowers Baking Entity on the matter under review by the Panel. A document describing the Distributor Review Panel is attached to this Settlement Agreement as Exhibit 9.  The Flowers Baking Entities retain the right to modify the Distributor Review Panel.

10.2    Defendants will establish the position of "Distributor Advocate" for the Flowers Baking Entities that currently have an independent distributor program. The individual holding this position has a reporting line independent of local bakery operations and reports to the Chief Compliance Officer of Flowers Foods.  The Distributor Advocate will be responsible for addressing distributor issues that cannot be resolved at the local level.  The Distributor Advocate will represent distributor interests and seek to resolve outstanding issues with bakery management and the distributor.  A document outlining the Distributor Advocate position is attached to this Settlement Agreement as Exhibit 10. The Flowers Baking Entities retain the right to modify the Distributor Advocate position.

10.3    As a prerequisite of eligibility for a Settlement Payment, Class Members who are Current Distributors for any Flowers Baking Entity will be required to sign an Amendment to the Distributor Agreement and the Arbitration Agreement with the class action waiver in the form attached hereto as Exhibit 3. The Settlement Payment allocated to any Current Distributor Class Member who does not sign both this Amendment <u>and</u> the Arbitration Agreement with the class action waiver shall revert to Defendants, and Class Counsel agrees to dismiss without prejudice the claims of any such Class Members.

10.4    Class Counsel agrees to hold meetings, in person or by telephone, with Class Members who are Current Distributors to discuss the Amendment to the Distributor Agreement and the Arbitration Agreement with the class action waiver, and the requirement to sign both as a condition of settlement.

## 11.    MUTUAL RELEASE OF CLAIMS WITH NAMED PLAINTIFFS

11.1    <u>Mutual Release of Claims With Named Plaintiffs:</u> For and in consideration of the mutual promises herein contained and receipt of the Service Awards, and effective at such time

as all payments required by this Settlement Agreement have been made, and by signing below, Named Plaintiffs, for themselves and on behalf of any business entity through which they performed services, as well as their spouse (if any), beneficiaries, heirs, administrators, executors, agents and representatives, do hereby forever and fully release and discharge the Released Parties of and from any and all sums of money, accounts, claims, interests, demands, contracts, actions, debts, controversies, agreements, damages, losses, and causes of action, whatsoever, of whatever kind or nature, known or unknown, suspected or unsuspected, which they now owns, holds, have, or claim to own, or hold, arising from Named Plaintiffs' independent distributor relationship with any Flowers Baking Entity, including, but not limited to, any and all matters alleged or referred to in the Original Lawsuits or Action, and any other claims, whether or not they could have been asserted in the Original Lawsuits of the Action. In consideration of Named Plaintiffs' general release of claims against the Released Parties, Flowers Foods and the Flowers Baking Entities hereby generally release Named Plaintiffs and their attorneys and agents from any and all claims, complaints, or liabilities, including attorneys' fees and costs, whether known or unknown, which Flowers Foods or the Flowers Baking Entities ever had, or may claim to have had, from the beginning of time until the moment the Flowers Baking Entities sign this Settlement Agreement (except as it pertains to normal settlement monies and promissory notes owed by Current Distributor Named Plaintiffs). The mutual release of claims shall not affect any rights or claims of the Parties that may arise after this Settlement Agreement is executed. To induce Flowers Foods and the Flowers Baking Entities to release and waive all claims it may have against Named Plaintiffs, each Named Plaintiff represents that he/she/it has no knowledge of any basis for any claims that Flowers could bring against him/her/it.

By way of example only (and without limitation), the claims released herein by Named Plaintiffs include: all claims under the Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1871, 42 U.S.C. § 1981, the Civil Rights Act of 1991, 2 U.S.C. § 60 et seq., Section 503 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act, 29 U.S.C. §12101 et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., the Equal Pay Act, 29 U.S.C. § 206(d), the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., any and all claims under Alabama, Arkansas, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Virginia or West Virginia or other applicable state common law, all as amended, all other legally waivable claims under any federal, state or local statute, regulation, or ordinance, all claims based upon any express or implied contracts, all common law claims now or hereafter recognized, and all claims for relief, including without limitation, minimum, overtime or other wages, retaliation damages, unpaid costs, penalties (including, but not limited to, late payment penalties, wage statement or other record keeping penalties, and meal or rest break penalties), wage deductions, spread of hours pay, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief. (This being referred to as "Release").

Each Named Plaintiff understands that he/she/it is releasing claims that he/she/it may not know about. It is each Named Plaintiff's knowing and voluntary intent to release any unknown claim, even though he/she/it recognizes that someday he/she/it might learn that some or all of the facts he/she/it currently believes to be true are untrue, or may discover claims or facts in addition to, or different from, those which he/she/it now knows or believes to exist that, if known or

suspected at the time of executing this Settlement Agreement, may have materially affected this Settlement Agreement, and even though he/she/it might then regret having signed this Release. Nevertheless, each Named Plaintiff is assuming that risk, and he/she/it agrees that this Release shall remain effective, in all respects, under any such circumstance. Each Named Plaintiff expressly waives all rights he/she/it might have under any law that is intended to protect him/her/it from waiving unknown claims. Each Named Plaintiff has had the opportunity to discuss this with his/her/its counsel and understands the significance of doing so.

11.2     Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement is intended to restrict any Named Plaintiff from contacting, assisting, or cooperating with any government agency or from releasing claims that cannot, by private agreement, be released; provided, however, that no Named Plaintiff shall seek or accept damages, reinstatement, or similar personal relief as to any claims he or she is releasing herein. This provision also does not prohibit Named Plaintiffs from reporting possible violations of federal or state law or regulation to any government entity, including but not limited to the Department of Justice and Securities and Exchange Commission, or from making any other disclosures protected under applicable whistleblower provisions of federal or state law or regulations.

11.3     Named Plaintiffs represent and warrant that they have not sold, assigned, pledged, or otherwise transferred any claims against any Released Party or claims released in this Settlement Agreement.

## 12.     SETTLEMENT ADMINISTRATION

12.1     Subject to approval by the Court, the Settlement Administrator shall be responsible for mailing the Settlement Notices; receiving and logging Class Member Claim Forms and Releases; receiving and logging signatures on the Amendment to the Distributor Agreement and Arbitration Agreements for Current Distributor Class Members; researching and updating addresses through skip-traces and similar means; answering questions from Class Members; reporting on the status of the settlement administration to Class Counsel and Defense Counsel; preparing a declaration regarding its due diligence in the settlement administration process; providing the Parties with data regarding the submission of Claim Forms and Releases; distributing settlement checks; reporting and paying, as necessary, applicable taxes on Settlement Payments; and doing such other things as the Parties may direct.

12.2     The Settlement Administrator will perform the following functions in accordance with the terms of this Settlement Agreement and the Approval Order:

12.2.1 Provide for the Settlement Notices in a form substantially the same as the documents attached hereto as Exhibits 7 and 8 to be sent by First Class Mail to all Class Members that can be identified through a reasonable effort;

12.2.2 Provide for the Claim Forms and Releases in a form substantially the same as the documents attached hereto as Exhibits 4 and 5 to be sent by First Class Mail to all Class Members that can be identified through a reasonable effort;

12.2.3  Provide for the Amendment to the Distributor Agreement and Arbitration Agreement in a form substantially the same as the document attached hereto as Exhibit 3 to be sent by First Class Mail to all Current Distributor Class Members that can be identified through a reasonable effort;

12.2.4  Provide to Defense Counsel and Class Counsel, 14 days after the first mailing of the Settlement Notices then updated every 14 days thereafter: (i) a list of the names and addresses of all Class Members whose notices have been returned to the Settlement Administrator as undeliverable along with a report indicating steps taken by the Settlement Administrator to locate updated address information for such Class Members and to resend the Settlement Notices, and/or whose Settlement Notices have been forwarded to an updated address by the United States Postal Service; (ii) a separate list of the names of Class Members who have submitted a Claim Form and Release; and (iii) a separate list of the names of Current Distributor Class Members who have signed the Amendment to the Distributor Agreement and Arbitration Agreement;

12.2.5  Calculate potential Settlement Payments to each Named Plaintiff and Class Member under this Settlement Agreement and provide this information to Class Counsel and Defense Counsel for review;

12.2.6  Mail Settlement Payments to Qualified Class Members and Named Plaintiffs in accordance with this Settlement Agreement;

12.2.7  Mail payment(s) for Court-approved Attorneys' Fees and Costs to Class Counsel in accordance with this Settlement Agreement;

12.2.8  Mail Court-approved Service Awards to Named Plaintiffs in accordance with this Settlement Agreement;

12.2.9  Establish, designate, and maintain a Settlement Fund for the Action as a "qualified settlement fund" under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1;

12.2.10  Obtain employer identification numbers (EINs) for the Settlement Fund pursuant to Treasury Regulation § 1.468B-2(k)(4);

12.2.11  Prepare and file all required tax filings the Settlement Fund must make under federal, state, or local law;

12.2.12  Prepare, file, and issue all necessary tax reporting forms for the Settlement Fund, including IRS Forms 1099 for distribution of payments to Class Counsel and Service Award payments to Named Plaintiffs and Forms W-2 for Statutory Employees for Settlement Payments made to Named Plaintiffs and Qualified Class Members classified as statutory employees;

12.2.13  Provide Defendants with copies of all tax reporting and filings made for the Settlement Fund, including copies of the checks, Form W-2s for Statutory Employees, and IRS Forms 1099, and any other documentation to show that the tax reporting and filings were

timely transmitted to the Named Plaintiffs and Qualified Class Members and the applicable taxing authorities;

12.2.14 Pay any additional tax liabilities (including penalties and interest) that arise from the establishment and administration of the Settlement Fund solely from the assets of the Settlement Fund without any recourse against Defendants for additional monies;

12.2.15 Liquidate any remaining assets of the Settlement Fund after all payments to Qualified Class Members, Class Counsel, and Named Plaintiffs have been made and all tax obligations have been satisfied, and distribute the remainder of the Settlement Fund's assets to Defendants; and

12.2.16 Notify the Parties that the Settlement Fund will be terminated unless the Parties contact the Settlement Administrator within ten business days.

12.3    The Parties will be jointly responsible for providing the Settlement Administrator with the necessary information to facilitate notice and settlement administration (including but not necessarily limited to the full legal name and last known address of each Class Member and Named Plaintiff).

12.4    In the event a Class Member or Named Plaintiff disputes the accuracy of information upon which Settlement Payments are calculated, the Parties agree that Defendants' business records will be conclusive as to the dates a Class Member or Named Plaintiff was a Distributor for any Flowers Baking Entity.

12.5    Defendants will pay the costs of notice and administration of the Settlement, which will be paid separately and in addition to the monies paid into the Settlement Fund.

## 13.    QUALIFICATION FOR PAYMENT UNDER THIS AGREEMENT

13.1    Class Members who are Current Distributors affiliated with a Flowers Baking Entity during the applicable Covered Period qualify for a Settlement Payment under this Settlement Agreement if they: (1) timely and fully execute and return to the Settlement Administrator a Claim Form and Release pursuant to Sections 6.5 and 6.6 in the form of Exhibit 5; (2) timely and fully execute an Amendment to the Distributor Agreement and the Arbitration Agreement and class action waiver pursuant to Sections 6.5 and 6.6.

13.2    Class Members who are former Distributors qualify for a Settlement Payment under this Settlement Agreement if they timely and fully execute and return to the Settlement Administrator a Claim Form and Release pursuant to Sections 6.5 and 6.6 in the form of Exhibit 4.

## 14.    PAYMENT FROM THE SETTLEMENT FUND

14.1    For tax reporting purposes, and except as otherwise provided in 14.6 below, Defendants, or as applicable the Settlement Administrator, shall report all settlement payments made to Qualified Class Members and Named Plaintiffs under this Settlement Agreement as both

Statutory Employee earnings and non-employee compensation to the Qualified Class Member and Named Plaintiff receiving settlement payments, in the manner set forth below:

14.2    Each non-incorporated Qualified Class Member and Named Plaintiff shall receive 50% of their Settlement Payment as Statutory Employee earnings.   Applicable Statutory Employee withholdings (Social Security and Medicare tax only) will be deducted from this amount which will be reported on a Form W-2 for Statutory Employees.  This sum represents payments for alleged FLSA or other wage damages.  The remaining 50% of their Settlement Payment represents payment for alleged liquidated damages.   This sum, from which no deductions will be made, shall be reported on a Form 1099.

14.3    By so agreeing, Defendants do not concede that damages or liquidated damages are appropriate here.

14.4    Named Plaintiffs' Service Awards shall be reported on Form 1099.

14.5    The Settlement Administrator shall issue the check to Class Counsel for their Attorneys' Fees and Costs, which shall be reported on a Form 1099.

14.6    For any Named Plaintiffs or Qualified Class Members whose businesses are incorporated on the Settlement Effective Date, no reporting for tax purposes for the Settlement Payment is required.

14.7    Named Plaintiffs and Qualified Class Members will be responsible for reporting such amounts on their tax returns and paying all applicable taxes on such amounts. Named Plaintiffs and Qualified Class Members agree to indemnify and hold Defendants, the Released Parties, and the Settlement Administrator harmless from any and all liability that may result from, or arise in connection with their failure to file and pay such taxes on any amounts received pursuant to this settlement except that Defendants, or as applicable the Settlement Administrator, shall be responsible for the employer portion of any payroll taxes. No Settlement Funds shall be disbursed from the Settlement Fund until the Settlement Effective Date.

## 15.    SETTLEMENT FUND ALLOCATION AND DISTRIBUTION

15.1    The Settlement Administrator shall calculate each Named Plaintiff and Class Member's Settlement Payment as follows:

15.1.1 The Settlement Administrator shall calculate the portion of the Settlement Fund allocable to damages for Class Members and Named Plaintiffs by subtracting the Attorneys' Fees and Costs, Service Awards, and Flowers' portion of the Social Security and Medicare taxes from the $9,000,000.00 total settlement (such sum being referred to as the "Total Amount for Individual Settlement Payments" or "Net Settlement Amount").

15.1.2 The Settlement Administrator shall then determine the approximate number of Eligible Weeks worked by the Class Members and Named Plaintiffs during the appropriate Covered Period.

15.1.3 For each Named Plaintiff the Settlement Administrator shall take the number of Eligible Weeks worked by each Named Plaintiff and multiply times $100.00 per week. For the Class Members, the Settlement Administrator shall take the Total Amount for Individual Settlement Payments minus the amount paid to the Named Plaintiffs and divide that by the total number of Eligible Weeks for all Class Members to determine a value for each Eligible Week.

15.1.4 The Settlement Administrator shall then multiply the value for each Eligible Week for each Class Member by the total number of Eligible Weeks for each Class Member.

15.2   All Settlement Payments shall be paid from the Net Settlement Amount in accordance with the requirements and procedures set forth herein. Any amounts remaining from the Net Settlement Amount shall revert to Defendants. Specifically, Settlement Payments allocated to Class Members who are not Qualified Class Members will revert to Defendants.

15.3   Settlement Payment checks will be negotiable for one hundred and eighty (180) days. Ninety (90) days after mailing, the Settlement Administrator will review the Settlement Fund account for uncashed checks and attempt to contact each Qualified Class Member or Named Plaintiff who has not cashed her or his check to remind them of the negotiable period. If the Qualified Class Member or Named Plaintiff requests a new check, the Settlement Administrator will void the original check and reissue a check negotiable for forty-five (45) days. Checks that are not cashed within the negotiable period will not result in unclaimed property under state law. Rather, in the event there are unclaimed funds, such funds will revert to Defendants.

## 16.   MISCELLANEOUS PROVISIONS

16.1   The Parties agree to take all steps as may be reasonably necessary to secure approval of the Settlement Agreement, to the extent not inconsistent with its terms, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval of the Settlement Agreement in all respects.

16.2   The signatories represent that they are fully authorized to enter this Settlement Agreement and bind the Parties to the terms and conditions of this Settlement Agreement.

16.3   The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to implement this Settlement Agreement and the terms and conditions set forth herein.

16.4   Class Counsel will use their best efforts for, will cooperate with Defense Counsel on, and will exercise good faith in obtaining the most participation possible in the Settlement.

16.5    As soon as practicable after execution of this Settlement Agreement, and within the time frames set forth herein, Class Counsel shall, with the assistance and cooperation of Defendants and Defense Counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement.

16.6    The Parties agree to a stay of all proceedings in the Action, except such proceedings as may be necessary to complete and implement the Settlement Agreement, pending Court approval of the Settlement.

16.7    This Settlement Agreement shall be interpreted and enforced under federal law and under the laws of the State of Tennessee without regard to its conflicts of law provisions.

16.8    All the Parties acknowledge that they have been represented by competent, experienced counsel throughout all arms-length negotiations which preceded the execution of this Settlement Agreement and that this Settlement Agreement is made with advice of counsel who have jointly prepared this Settlement Agreement.

16.9    Any claim concerning enforcement of the Settlement Agreement, or the subject matter hereof, will be resolved solely and exclusively by the United States District Court for the Western District of Tennessee, and the Parties hereby consent to the personal jurisdiction of the Court over them solely in connection therewith.

16.10    The terms of this Settlement Agreement are confidential until it is filed in the Court, except to the extent Defendants are required to disclose certain financial terms of the Settlement to satisfy their reporting obligations to shareholders and the U.S. Securities and Exchange Commission. Even after the Settlement Agreement is filed with the Court, the Parties agree to keep the amounts paid to each Qualified Class Member and Named Plaintiff confidential, including by taking all steps necessary to file such amounts under seal. This includes not publicizing or disclosing the specific monetary amounts each individual is to receive under this Settlement, either directly or indirectly, that is, through agents, attorneys, or any other person or entity, either in specific or as to general existence or content, to any media, including on the internet and social media including, but not limited to Facebook, Twitter, MySpace, personal blogs and websites, the public generally, or any individual or entity. Notwithstanding the above, counsel for any party may take actions to implement this Settlement Agreement, including publicly filing it with the Court and issuing court-approved Notice. Further, notwithstanding the foregoing, the Parties may also disclose information concerning this Settlement Agreement to their respective immediate families, counsel, and tax advisors who have first agreed to keep said information confidential and to not disclose it to others, and Plaintiffs' Counsel may disclose information to courts in connection with declarations supporting adequacy as Class Counsel. Notwithstanding the foregoing, Defendants may disclose the specific financial terms of this Settlement Agreement for legal, accounting, and legitimate business purposes in accordance with their usual business practices, and as required by law.

16.11    The Parties to this Settlement Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

16.12   The terms and conditions of this Settlement Agreement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Action. Named Plaintiffs, on their own behalf and on behalf of the Qualified Class Members they represent, and Defendants accept entry of this Settlement Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Settlement Agreement. This Settlement Agreement may be modified only by writing and signed by the Parties and approved by the Court.

16.13   This Settlement Agreement and its Exhibits contain the entire agreement between the Parties relating to the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged in this Settlement Agreement. No rights may be waived except in writing. Notwithstanding the foregoing, however, nothing in this Settlement Agreement shall otherwise affect or alter the rights and obligations of the Parties or Class Members as set forth in the Distributor Agreement, as amended.

16.14   This Settlement Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

16.15   In the event one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect the same shall not affect any other provision of this Settlement Agreement but this Settlement Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

16.16   This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

16.17   In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Agreement or any provision in it.

16.18   Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

| | |
|---|---|
| If to Class Counsel: | If to Defense Counsel: |
| Russ Bryant | Kevin Hishta |
| Jackson, Shields, Yeiser, & Holt | Ogletree, Deakins, Nash, Smoak & Stewart, |
| Attorneys at Law | P.C. |
| 262 German Oak Drive | 191 Peachtree St. NE, Suite 4800 |
| Memphis, TN 38018 | Atlanta, GA 30303 |

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: _____          Named Plaintiff Matthew Green

                                  _____

Dated: _____          Named Plaintiff Gerald Hall

                                  _____

Dated: _____          Named Plaintiff James House

                                  _____

Dated: _____          Named Plaintiff John Rary

                                  _____

Dated: _____          Named Plaintiff Carlton Keith Farr

                                  _____

Dated: _____          Named Plaintiff James Columbia II

                                  _____

Dated: _____          Named Plaintiff Thomas Bryant

                                  _____

Dated: _____          Named Plaintiff Andrew Hubbard

                                  _____

Dated: _____          Named Plaintiff Larry Patrick

                                  _____

Dated: _____          Named Plaintiff Thomas Bernard

                                  _____

Dated:_____           Named Plaintiff Bradley Robbins

Dated:_____        _____
                                 Named Plaintiff Gregory Martin


Dated: _____        _____
                                 Named Plaintiff Anthony Edmonds


Dated: _____        _____
                                 Named Plaintiff Gary Rudolph


Dated: _____        _____
                                 Named Plaintiff Richard Reece, Jr.


Dated: _____        _____
                                 Named Plaintiff Kevin Bryant


Dated: _____        _____
                                 Named Plaintiff Steven Long


Dated: _____        _____
                                 Named Plaintiff Justin Dickens


Dated: _____        _____
                                 Named Plaintiff Adam Hooper


Dated: _____        _____
                                 Named Plaintiff Kevin Wine


Dated: _____        _____
                                 Named Plaintiff Jacy Booth

                                 _____

Dated: _____          Defendant Flowers Foods, Inc.

                                      By: Stephanie B. Tillman

                                      _____
                                      Its Vice President, Deputy General Counsel, Chief
                                      Compliance Officer

Dated: _____          Defendant Flowers Baking Co. of Birmingham,
                                      LLC

                                      By: Stephanie B. Tillman

                                      _____
                                      Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of Gadsden, LLC

                                      By: Stephanie B. Tillman

                                      _____
                                      Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of Bardstown, LLC

                                      By: Stephanie B. Tillman

                                      _____
                                      Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of Denton, LLC

                                      By: Stephanie B. Tillman

                                      _____
                                      Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of New Orleans, LLC

                                   By: Stephanie B. Tillman


                                   _____
                                   Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of Baton Rouge, LLC

                                   By: Stephanie B. Tillman


                                   _____
                                   Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of Opelika, LLC

                                   By: Stephanie B. Tillman


                                   _____
                                   Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of Batesville, LLC

                                   By: Stephanie B. Tillman


                                   _____
                                   Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of Jamestown, LLC

                                   By: Stephanie B. Tillman


                                   _____
                                   Its Assistant Secretary

Dated: _____          Defendant Flowers Baking Co. of Knoxville, LLC

                                   By: Stephanie B. Tillman


                                   _____
                                   Its Assistant Secretary

Dated: _____

Defendant Flowers Baking Co. of Morristown, LLC

By: Stephanie B. Tillman

_____
Its Assistant Secretary

Dated: _____

Defendant Flowers Baking Co. of Lenexa, LLC

By: Stephanie B. Tillman

_____
Its Assistant Secretary

Dated: _____

Defendant Flowers Baking Co. of Lynchburg, LLC

By: Stephanie B. Tillman

_____
Its Assistant Secretary

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY ROBBINS, MATTHEW GREEN, SAM HALL, JAMES HOUSE, JOHN RARY, KEITH FARR, JAMES COLUMBIA, THOMAS BRYANT, ANDREW HUBBARD, LARRY PATRICK, THOMAS BERNARD, GREGORY MARTIN, ANTHONY EDMONDS, GARY RUDOLPH, RICHARD REECE, KEVIN BRYANT, STEVEN LONG, JUSTIN DICKENS, ADAM HOOPER, KEVIN WINE, AND JACY BOOTH, Individually, and on behalf of all others similarly-situated, | ) ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) ) | Case   1:19-cv-01021-STA-egb |
| FLOWERS FOODS, INC.; FLOWERS BAKING CO. OF BIRMINGHAM, LLC; FLOWERS BAKING CO. OF GADSDEN, LLC; FLOWERS BAKING CO. OF BARDSTOWN, LLC; FLOWERS BAKING CO. OF DENTON, LLC; FLOWERS BAKING CO. OF NEW ORLEANS, LLC; FLOWERS BAKING CO. OF BATON ROUGE, LLC; FLOWERS BAKING CO. OF OPELIKA, LLC; FLOWERS BAKING CO. OF BARDSTOWN, LLC; FLOWERS BAKING CO. OF BATESVILLE, LLC; FLOWERS BAKING CO. OF JAMESTOWN, LLC; FLOWERS BAKING CO. OF KNOXVILLE, LLC; FLOWERS BAKING CO. OF MORRISTOWN, LLC; FLOWERS BAKING CO. OF LYNCHBURG, LLC; and FLOWERS BAKING CO. OF LENEXA, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**PROPOSED ORDER APPROVING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND CERTIFICATION UNDER 29 U.S.C. § 216(B) FOR SETTLEMENT PURPOSES**

Before the Court is the parties' Joint Motion for Approval of FLSA Settlement and Certification under 29 U.S.C. § 216(b) for Settlement Purposes ("Joint Motion for Approval"). After reviewing the Joint Motion for Approval, and for good cause shown, the Court hereby GRANTS the parties' Joint Motion for Approval and approves the parties' proposed settlement.

Where parties settle or compromise a Fair Labor Standards Act ("FLSA") claim, the parties must seek court approval for the proposed settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id.* at 1353-54.

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA. *Id.* at 1353 n.8. "In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (*citing* 29 U.S.C. §§ 206, 207)). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores*, 679 F.2d at 1354.

Having reviewed the terms of the settlement here, the Court determines that the settlement is both fair and reasonable and was reached after extensive negotiations between counsel for all parties with the assistance of a highly-experienced mediator. Both parties believe the agreement to be fair and reasonable, which weighs in favor of approval.

Further, after having reviewed the terms of the settlement here, the Court grants collective action certification of this action pursuant to 29 U.S.C. § 216(b) for purposes of

sending the Collective Action Settlement Notices (Exhibits 7 and 8 to the Settlement Agreement) to Class Members.[1] The Court finds that the Settlement Notices meet the requirements of due process, constitute the best practicable notice under the circumstances, and are reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action and their rights to participate. As such, the Court directs that the Settlement Claims Administrator send the Collective Action Settlement Notices, and accompanying Claim Form and Releases (Exhibits 4 and 5 to the Settlement Agreement), along with the Amendment for Current Distributor Class Members (Exhibit 3 to the Settlement Agreement) to all Class Members within fifteen (15) business days of the date of this Order. The Claim Form and Releases shall be due sixty (60) days thereafter. The Parties are otherwise directed to perform in accordance with the terms of the Settlement Agreement.

Accordingly, the Court approves the parties' Joint Motion for Approval.

IT IS SO ORDERED.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

Date: _____

35790010.1

---

[1] The Court adopts and incorporates by reference the definition of the capitalized terms set forth in the Settlement Agreement.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRADLEY ROBBINS, MATTHEW GREEN, SAM HALL, JAMES HOUSE, JOHN RARY, KEITH FARR, JAMES COLUMBIA, THOMAS BRYANT, ANDREW HUBBARD, LARRY PATRICK, THOMAS BERNARD, GREGORY MARTIN, ANTHONY EDMONDS, GARY RUDOLPH, RICHARD REECE, KEVIN BRYANT, STEVEN LONG, JUSTIN DICKENS, ADAM HOOPER, KEVIN WINE, AND JACY BOOTH, Individually, and on behalf of all others similarly-situated, | ) ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| FLOWERS FOODS, INC.; FLOWERS BAKING CO. OF BIRMINGHAM, LLC; FLOWERS BAKING CO. OF GADSDEN, LLC; FLOWERS BAKING CO. OF BARDSTOWN, LLC; FLOWERS BAKING CO. OF DENTON, LLC; FLOWERS BAKING CO. OF NEW ORLEANS, LLC; FLOWERS BAKING CO. OF BATON ROUGE, LLC; FLOWERS BAKING CO. OF OPELIKA, LLC; FLOWERS BAKING CO. OF BARDSTOWN, LLC; FLOWERS BAKING CO. OF BATESVILLE, LLC; FLOWERS BAKING CO. OF JAMESTOWN, LLC; FLOWERS BAKING CO. OF KNOXVILLE, LLC; FLOWERS BAKING CO. OF MORRISTOWN, LLC; FLOWERS BAKING CO. OF LYNCHBURG, LLC; and FLOWERS BAKING CO. OF LENEXA, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

Case 1:19-cv-01021-STA-egb

---

**PROPOSED ORDER DISMISSING ACTION AND FINAL JUDGMENT**

---

**DECISION BY COURT.**    This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

**IT IS SO ORDERED AND ADJUDICATED** that in accordance with the Order Granting the Joint Motion for Approval of FLSA Settlement, entered on _____, this case is hereby dismissed with prejudice and all claims released in the Settlement Agreement and Claim Form and Release shall be so released.

_____
UNITED STATES DISTRICT JUDGE
Date:

35802817.1

# EXHIBIT 3

## AMENDMENT TO DISTRIBUTOR AGREEMENT

Whereas, COMPANY and DISTRIBUTOR have previously entered into a Distributor Agreement ("Agreement") pursuant to which DISTRIBUTOR acquired certain Distribution Rights; and

Whereas, the parties agree that it is desirable to submit claims and disputes on an individual basis to binding arbitration in order to resolve such disputes in a time-efficient manner and to allow an arbitrator to award all relief available under the law;

Whereas, the Parties agree that certain other amendments to the Agreement are mutually beneficial;

Therefore, in consideration of these premises, and the terms contained herein, the parties mutually agree as follows:

1.      To the extent DISTRIBUTOR has any of the following provisions in his/her/its Distributor Agreement, they are hereby deleted in their entirety:

        a.      the Right of First Refusal provision;
        b.      Payment Upon Termination and Sole Remedy provision;
        c.      Statute of Limitations provision;
        d.      Covenant Not To Compete provision;
        e.      Damages provision waiving or limiting potential damages in any way;
        f.      Any Waiver of Jury Trial provision as all claims shall be submitted to binding arbitration.

2.      Any Company Breach provision in the Agreement is hereby amended to read as follows:

**Company Breach:**  If DISTRIBUTOR maintains that COMPANY is in breach of this Agreement, DISTRIBUTOR should notify COMPANY in writing, by certified mail, return receipt requested, of the alleged breach.  Such written notice should include the specific section of this Agreement DISTRIBUTOR maintains has been breached and sufficient facts to provide reasonable notice to COMPANY of the action or failure to act which DISTRIBUTOR maintains is a breach of this Agreement.

Upon receipt of the DISTRIBUTOR's notice of breach, COMPANY shall have a reasonable period of time to investigate and cure any breach. Any failure to comply with this provision shall not affect DISTRIBUTOR's right to submit a claim to mandatory and binding arbitration.

3.      Any Dispute Resolution provision in the Agreement is hereby amended as follows:

Any provision allowing either party to initiate litigation is hereby deleted in its entirety as all claims shall be submitted to binding arbitration.

The confidentiality provision is changed to read: All negotiations and mediation pursuant to this Article are confidential and shall be treated as compromise and

settlement negotiations for the purposes of the Federal Rules of Evidence and any similar states rules of evidence.

The tolling provision is changed to read: All applicable statutes of limitation and defenses based upon the passage of time shall be tolled during the negotiation and mediation procedures specified in the Article. All deadlines specified in such procedures may be extended by mutual agreement of the parties.

4. The following Mandatory and Binding Arbitration provision is hereby incorporated in the Agreement:

**Mandatory and Binding Arbitration:** All claims, disputes, and controversies arising out of or in any manner relating to this Agreement or any other agreement executed in connection with this Agreement, or to the performance, interpretation, application or enforcement hereof, including, but not limited to breach hereof and/or termination hereof, which has not been resolved pursuant to any negotiation and mediation provisions in the Agreement or otherwise shall be submitted to individual binding arbitration in accordance with the terms and conditions set forth in the Arbitration Agreement attached hereto as **Exhibit 1**, excepting only such claims, disputes, and controversies as specifically excluded therein.

5. Should any portion, word, clause, sentence or paragraph of this Amendment be declared void or unenforceable, including the Arbitration Agreement attached hereto, such portions shall be modified or deleted in such a manner as to make this Agreement as modified legal and enforceable to the fullest extent permitted under applicable law.

6. Except as specifically set forth herein, the Agreement, including any prior amendments thereto, remains in full force and effect except as specifically amended by the terms herein. Such Agreement, including any prior amendments thereto, and this Amendment set forth the entire agreement between the parties as of the date this Amendment is executed and may not be modified except by written agreement of the parties or as otherwise set forth in the Agreement.

The parties acknowledge that each has executed this Amendment voluntarily, that each understands the provisions herein, and that no promise or inducement not contained herein has been made regarding this Amendment.

DISTRIBUTOR                              COMPANY

By:_____            By: _____

Print Name: _____           Its: _____

Date: _____            Date: _____


WITNESS:_____

2

# EXHIBIT 1

## ARBITRATION AGREEMENT

The parties agree that any claim, dispute, and/or controversy except as specifically excluded herein, that either DISTRIBUTOR (which includes its owner or owners as applicable) may have against COMPANY (and/or its affiliated companies and its and/or their directors, officers, managers, employees, and agents and their successors and assigns) or that COMPANY may have against DISTRIBUTOR (or its owners, directors, officers, managers, employees, and agents), arising from, related to, or having any relationship or connection whatsoever with the Distributor Agreement between DISTRIBUTOR and COMPANY ("Agreement"), including the termination of the Agreement, services provided to COMPANY by DISTRIBUTOR, or any other association that DISTRIBUTOR may have with COMPANY ("Covered Claims") shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.) ("FAA") in conformity with the Commercial Arbitration Rules of the American Arbitration Association ("AAA" or "AAA Rules"), or any successor rules, except as otherwise agreed to by the parties and/or specified herein. Such arbitration shall be conducted before a single arbitrator unless all parties to the arbitration agree otherwise in writing. Copies of AAA's Rules are available on AAA's website (www.adr.org).

COMPANY shall pay for all arbitration filing fees and costs that are customarily associated with AAA arbitration, subject to the Arbitrator's authority to award fees and costs to COMPANY as the prevailing party. Each party may be represented by legal counsel of their own choosing. Each party shall pay its own attorneys' fees, provided that an Arbitrator may award attorney's fees and costs to the prevailing party under any applicable statute or written agreement to the same extent that attorney's fees and costs could be awarded in court. The arbitration shall be subject to the same burdens of proof and statutes of limitations as if the Covered Claims were being heard in court. The Arbitrator shall issue a written decision within forty-five (45) days of the later of: (1) the arbitration hearing; or (2) submission of the parties' post-arbitration briefs. The Arbitrator's written decision shall include findings of fact and conclusions of law. The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law had the Covered Claim been brought on an individual basis in such forum, including attorneys' fees and costs. Subject to the parties' right to appeal, the decision of the arbitrator will be final and binding. The Arbitrator shall not have the authority to add to, amend, or modify, existing law. No arbitration award or decision will have any preclusive effect as to any issues or claims in any dispute, arbitration, or court proceeding where any party was not a named party in the arbitration.

All Covered Claims against COMPANY must be brought by DISTRIBUTOR on an individual basis only and not as a plaintiff or class member in any purported class, collective, representative, or multi-plaintiff action. DISTRIBUTOR further agrees that if it is within any such class, collective, representative, or multi-plaintiff action, it will take all steps necessary to opt-out of the action or refrain from opting in or joining, as the case may be, and DISTRIBUTOR expressly waives any right to recover any relief from any such class, collective, representative, or multi-plaintiff action. Similarly, all Covered Claims by COMPANY against DISTRIBUTOR may not be brought as a plaintiff or class member in any purported class,

collective, representative, or multi-plaintiff action. The parties understand that there is no right or authority for any Covered Claim to be heard or arbitrated on a multi-plaintiff, collective, or class action basis, as a private attorney general, or any other representative basis. The parties understand that there are no bench or jury trials and no class, collective, representative, or multi-plaintiff actions are permitted under this Arbitration Agreement. The Arbitrator shall not consolidate claims of different distributors into one proceeding, nor shall the Arbitrator have the power or authority to hear arbitration as a class, collective, representative, or multi-plaintiff action. The Arbitrator may award damages on an individual basis only.

**TO THE MAXIMUM EXTENT PERMITTED BY LAW, BOTH PARTIES EXPLICITLY WAIVE ANY RIGHT TO: (1) INITIATE OR MAINTAIN ANY COVERED CLAIM ON A CLASS, COLLECTIVE, REPRESENTATIVE, OR MULTI-PLAINTIFF BASIS EITHER IN COURT OR ARBITRATION; (2) SERVE OR PARTICIPATE AS A REPRESENTATIVE OF ANY SUCH CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION; (3) SERVE OR PARTICIPATE AS A MEMBER OF ANY SUCH CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION; OR (4) RECOVER ANY RELIEF FROM ANY SUCH CLASS, COLLECTIVE, REPRESENTATIVE, OR MULTI-PLAINTIFF ACTION.**

Any dispute concerning the validity or enforceability of this prohibition against class, collective, representative, or multi-plaintiff action arbitration shall be decided by a court of competent jurisdiction, and no arbitrator shall have any authority to consider or decide any issue concerning the validity or enforceability of such prohibition. Any issues concerning arbitrability of a particular issue or claim under this Arbitration Agreement (except for those concerning the validity or enforceability of the prohibition against class, collective, representative, or multi-plaintiff action arbitration and/or applicability of the FAA) shall be resolved by the arbitrator, not a court.

The Arbitrator shall have the authority to consider and rule on dispositive motions, such as motions to dismiss, or motions for summary judgment, in accordance with the standards and burdens generally applicable to such motions in federal district court, except that the Arbitrator may establish appropriate and less formal procedures for such motions at the Arbitrator's discretion consistent with the expedited nature of arbitration proceedings. The Arbitrator will allow the parties to conduct adequate discovery including, but not limited to, issuing subpoenas to compel the attendance of witnesses at the arbitration hearing; serving written discovery; conducting depositions; and compelling the production of documents during discovery.

Covered Claims covered under this Arbitration Agreement include, but are not limited to: breach of contract, any claims challenging the independent contractor status of DISTRIBUTOR, claims alleging that DISTRIBUTOR was misclassified as an independent contractor, any other claims premised upon DISTRIBUTOR's alleged status as anything other than an independent contractor, tort claims, discrimination claims, retaliation claims, and claims for alleged unpaid compensation, civil penalties, or statutory penalties under either federal or state law.

This Arbitration Agreement does not cover claims relating to whistleblowers and/or unlawful retaliation arising under the Sarbanes-Oxley Act or disputes involving any ERISA-based benefit plans that provide for arbitration. This Arbitration Agreement also does not

preclude either DISTRIBUTOR or COMPANY from seeking provisional remedies such as temporary restraining orders or preliminary injunctions in accordance with applicable law. A party's seeking or obtaining such provisional remedies shall not be considered a waiver of that party's right to arbitration under this Arbitration Agreement.

Nothing in this Arbitration Agreement is intended to affect or limit DISTRIBUTOR's right to file an administrative charge or otherwise seek relief from any administrative or federal or state government agencies (although if DISTRIBUTOR chooses to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Arbitration Agreement).

Subject to applicable law limiting confidentiality, the parties agree that arbitration proceedings under this Arbitration Agreement are to be treated as confidential. The parties agree that neither they nor their counsel will reveal or disclose the substance of the arbitration proceedings, or the result, except (a) as required by subpoena, court order, or other legal process, or (b) as otherwise necessary or appropriate in the prosecution or defense of the case, or (c) as required by law. If disclosure is compelled of one party by subpoena, court order or other legal process, or as otherwise required by law, the party agrees to notify the other party as soon as practicable after notice of such process is received and before disclosure takes place. The parties may, however, disclose such information to their legal representatives, accountants, tax advisors, or members of their immediate families as necessary so long as they agree to maintain such information in strict confidence. COMPANY may also disclose such information to individuals in affiliated companies for legal reporting purposes and other legitimate business reasons.

Any request for arbitration must be in writing and provided to the other party and to AAA by certified or registered mail, return receipt requested, within the time period provided for by the statute(s) of limitations applicable to the claim(s) asserted. The request must set forth a statement of the nature of the dispute, including the alleged act or omission at issue; the names of all persons involved in the dispute who are known to the claimant at the time of filing; the amount in controversy, if any; and the remedy or remedies sought. The parties agree that either the filing or the service of a request for arbitration shall toll all applicable statutes of limitation and other time limitations to the same extent that a filing in court would toll applicable statutes of limitation and other time limitations in an action in court.

**DISTRIBUTOR acknowledges that this is an important document that affects its legal rights and that the DISTRIBUTOR has been given the opportunity to discuss this Arbitration Agreement with private legal counsel.** If any provision of AAA's Rules or of this Arbitration Agreement are determined to be unlawful, invalid, or unenforceable, such provisions shall be enforced to the greatest extent permissible under the law, or, if necessary, severed, and all remaining terms and provisions shall continue in full force and effect. This Arbitration Agreement may be modified or terminated by COMPANY after thirty (30) days written notice to DISTRIBUTOR. Any modifications or terminations shall be prospective only and shall not apply to any claims or disputes that are pending in arbitration or that have been initiated by either party pursuant to the AAA Rules. The parties also agree that nothing herein is intended to, or does, affect or otherwise change the independent contractor relationship between them and that adequate and sufficient consideration has been provided for in this Arbitration Agreement, including but not limited to the additional monetary consideration and various other amendments

to the Distributor Agreement as set forth in the Amendment executed concurrently herewith, and each party's promise to resolve their claims by arbitration. Finally, this Arbitration Agreement is the complete agreement of the parties on the subject of arbitration of disputes and supersedes any prior or contemporaneous oral or written agreement or understanding on the subject. Any agreement contrary to the foregoing must be in writing signed by the COMPANY.

This Arbitration Agreement shall be governed by the FAA and the law of the state in which DISTRIBUTOR resides to the extent that law is not inconsistent with the FAA. DISTRIBUTOR and COMPANY agree that this Arbitration Agreement shall be governed by the Federal Arbitration Act to the fullest extent permitted by private agreement, regardless of whether the FAA would apply in the absence of the parties' agreement that it does apply. The parties further agree that if any court determines that the FAA does not apply for any reason (notwithstanding the parties' express adoption of the FAA and agreement that it shall apply), then this Arbitration Agreement shall be enforced to the fullest extent possible by applicable state law.

**DISTRIBUTOR acknowledges that it has received and read and specifically agrees to be bound by this Arbitration Agreement. DISTRIBUTOR understands that this Arbitration Agreement requires that disputes that involve matters subject to the Agreement be submitted to arbitration pursuant to the Arbitration Agreement rather than to a judge or jury in court and that such disputes must be brought on an individual basis only. DISTRIBUTOR understands and acknowledges that DISTRIBUTOR is an independent contractor operating a bona fide business to purchase products for resale and to sell products to DISTRIBUTOR's customers in a defined territory and that this Agreement is, therefore, properly governed by the FAA.**

Date: _____
      (Accepted & Effective)

COMPANY                      DISTRIBUTOR

By: _____    By: _____

Its: _____    Print Name:_____

WITNESS:_____

4

# EXHIBIT 4

## PROPOSED CLAIM FORM AND RELEASE TO FORMER DISTRIBUTORS

*Matthew Green, et al. v. Flowers Foods, Inc., et al.*
No. _____ (W.D. Tenn.)

I have read and understand the accompanying Collective Action Settlement Notice and elect to participate in the settlement **(check the box below):**

_____ **I want to participate in the settlement and receive my Settlement Payment.** I understand that, by participating in the settlement, I release the legal claims as set forth in the attached Release and as summarized in Section 4 of the Collective Action Settlement Notice ("Notice").  I understand this Release must be signed.

**By signing this form, I hereby acknowledge that I am a Class Member and will be bound by this collective action settlement. I further acknowledge that I am opting into this case pursuant to 29 U.S.C. § 216(b). Finally, I acknowledge that I release the legal claims set forth in the attached Release.**

_____        _____
**Signature**                                                          **Date**

_____
**Print Name Neatly**

_____
**Street Address**

_____
**City, State, and Zip Code**

_____
**Phone**

To be included, in the settlement, you **must** complete this form in its entirety. This form **must** be returned by First Class Mail, fax, or email so that it is received by the Settlement Administrator on or before_____, **2019** in order for you to receive your money payment:

[NAME]
Atticus Administration, LLC
PO Box 1440
Minneapolis, MN  55440
[PHONE]
[FAX]
[EMAIL]

## **RELEASE**

I, on behalf of myself individually and on behalf of any business entity through which I performed services (if any), my spouse (if any), beneficiaries, heirs, administrators, executes, agents and assigns do forever and fully release Defendants Flowers Foods and the Flowers Baking Entity (as defined in the Settlement Agreement) with whom I contracted, and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, though, under, or in concert with any of these persons or entities and their successors and assigns ("Released Parties") from any and all federal, state or local wage and hour claims, demands, causes of action, rights to relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or could have been asserted in this Action or the Original Lawsuits, that I have or may have against any of the Released Parties, including but not limited to all claims arising under the Fair Labor Standards Act ("FLSA"), Alabama, Arkansas, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Virginia, or West Virginia or any other applicable state's common law, administrative law, or statutory law; or any other claim for unpaid wages, overtime, improper deductions, or failure to make any payments that are derivative of, or in any way related to, any wage and hour, overtime, or improper deductions claims; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations.

_____

Signature

_____

Print Name

# EXHIBIT 5

## PROPOSED CLAIM FORM AND RELEASE TO CURRENT DISTRIBUTORS

*Matthew Green, et al. v. Flowers Foods, Inc., et al.*
No. _____ (W.D. Tenn.)

I have read and understand the accompanying Collective Action Settlement Notice and elect to participate in the settlement **(check the boxes below):**

_____ **I want to participate in the settlement and receive my Settlement Payment.** I understand that, by participating in the settlement, I release the legal claims as set forth in the attached Release and as summarized in Section 4 of the Collective Action Settlement Notice ("Notice"). I understand this Release must be signed.

_____ I also understand and agree that in order to receive my money payment, I must execute an Amendment to the Distributor Agreement and the attached Arbitration Agreement by the deadline outlined in the Notice. This Amendment (including the Arbitration Agreement) is included in this settlement package.

**By signing this form, I hereby acknowledge that I am a Class Member and will be bound by this collective action settlement. I further acknowledge that I am opting in to this case pursuant to 29 U.S.C. § 216(b). Finally, I acknowledge that I release the legal claims set forth in the attached Release.**

_____          _____
**Signature**                                               **Date**

_____
**Print Name Neatly**

_____
**Street Address**

_____
**City, State, and Zip Code**

_____
**Phone**

To be included, in the settlement, you **must** complete this form in its entirety. This form **must** be returned by First Class Mail, fax, or email so that it is received by the Settlement Administrator on or before_____, **2019** in order for you to receive your money payment:

[NAME]
Atticus Administration, LLC
PO Box 1440
Minneapolis, MN 55440
[PHONE]
[FAX]
[EMAIL]

## RELEASE

I, on behalf of myself individually and on behalf of any business entity through which I performed services (if any), my spouse (if any), beneficiaries, heirs, administrators, executes, agents and assigns do forever and fully release Defendants Flowers Foods and the Flowers Baking Entity (as defined in the Settlement Agreement) with whom I contracted, and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, though, under, or in concert with any of these persons or entities and their successors and assigns ("Released Parties") from any and all federal, state or local wage and hour claims, demands, causes of action, rights to relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or could have been asserted in this Action or the Original Lawsuits, that I have or may have against any of the Released Parties, including but not limited to all claims arising under the Fair Labor Standards Act ("FLSA"), Alabama, Arkansas, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Virginia, or West Virginia or any other applicable state's common law, administrative law, or statutory law; or any other claim for unpaid wages, overtime, improper deductions, or failure to make any payments that are derivative of, or in any way related to, any wage and hour, overtime, or improper deductions claims; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations.


_____

Signature


_____

Print Name

# EXHIBIT 6

| DISTRIBUTOR /(Owner) if Corporation | Route | Corp Name | Bakery Contracted With | Warehouse | Claims Released Through |
|---|---|---|---|---|---|
| Allen Riley | 5301 | N/A | Jamestown | Rock Hill | 3/17/2017 |
| Anthony Ray Murphy | 5210 | N/A | Jamestown | Greensboro | 3/17/2017 |
| Aron Foltz | 8045 | N/A | Jamestown | Winston | 3/17/2017 |
| Benny Abernathy | 5333 | N/A | Jamestown | Winston | 3/17/2017 |
| Bernice H. Hoover Jr. | 6545 | N/A | Jamestown | Monroe | 3/17/2017 |
| Bradley G King | 5324 | N/A | Jamestown | Morganton | 3/17/2017 |
| Bradley Gray | 5356 | N/A | Jamestown | Asheboro | 3/17/2017 |
| Brenton T. Mills | 9489 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Brian J Bowers | 5312 | N/A | Jamestown | Wilkesboro | 3/17/2017 |
| Casey Church | 7476 | N/A | Jamestown | Winston | 3/17/2017 |
| Casey Nichols | 8992 | N/A | Jamestown | Morganton | 3/17/2017 |
| Cecil B Venable | 9053 | N/A | Jamestown | Gastonia | 3/17/2017 |
| Chad F Barbee | 5267 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Christopher D. Yacovone | 5229 | N/A | Jamestown | Durham | 3/17/2017 |
| Christopher S. Sartin | 5244 | N/A | Jamestown | Burlington | 3/17/2017 |
| Clarence Gibson Jr. | 5321 | N/A | Jamestown | Hickory | 7/23/2016 |
| Cliff W. Glavey | 5264 | N/A | Jamestown | Charlotte | 6/4/2016 |
| Clint McGinnis | 5296 | N/A | Jamestown | Gastonia | 3/17/2017 |
| Collin D Sullivan | 6832 | N/A | Jamestown | Winston | 3/17/2017 |
| Curtis Chambers | 5242 | N/A | Jamestown | Roxboro | 6/20/2016 |
| Daniel E. Walker | 5298 | N/A | Jamestown | Gastonia | 3/17/2017 |
| William Durr | 5282 | 4 My Girls, Inc | Jamestown | Monroe | 3/17/2017 |
| Daniel Smith | 5232 | N/A | Jamestown | Durham | 3/17/2017 |
| Danny Burgess | 5328 | N/A | Jamestown | Statesville | 3/17/2017 |
| Danny Nichols | 5323 | N/A | Jamestown | Morganton | 3/17/2017 |
| Darrell Austin | 5317 | N/A | Jamestown | Morganton | 3/17/2017 |
| Dashamir Babani | 7085 | N/A | Jamestown | Monroe | 3/17/2017 |
| David E. Whitfield | 5228 | N/A | Jamestown | Durham | 5/27/2016 |
| David A Stone | 8072 | N/A | Jamestown | Wilkesboro | 3/17/2017 |
| David Alan Bowes | 5243 | N/A | Jamestown | Roxboro | 3/17/2017 |
| David Carroll | 5351 | N/A | Jamestown | Salisbury | 3/17/2017 |
| David Cook | 8999 | N/A | Jamestown | Greensboro | 10/3/2015 |
| David Pendry | 6837 | N/A | Jamestown | Asheboro | 3/17/2017 |
| Brett L. Cole | 5315 | N/A | Jamestown | Hickory | 3/17/2017 |
| Dennis J. Fender | 5291 | N/A | Jamestown | Gastonia | 3/17/2017 |
| Derrick Lee Chapman | 9648 | N/A | Jamestown | Hickory | 3/17/2017 |
| Dolphus J Luncesford | 5318 | N/A | Jamestown | Hickory | 3/17/2017 |
| Donald A Yates | 8619 | N/A | Jamestown | Asheboro | 3/17/2017 |
| Donald Montez Keistler | 9230 | N/A | Jamestown | Monroe | 5/14/2016 |
| Donald Scott Presler | 8071 | N/A | Jamestown | Charlotte | 10/10/2015 |
| Earl F. Price | 5325 | N/A | Jamestown | Morganton | 3/17/2017 |
| Edgar Hailey | 5273 | N/A | Jamestown | Monroe | 3/17/2017 |
| Eric E Sullivan | 8592 | N/A | Jamestown | Greensboro | 3/17/2017 |
| Erik Davidson | 5233 | N/A | Jamestown | Durham | 3/17/2017 |
| Frank Taylor | 5251 | N/A | Jamestown | Burlington | 3/17/2017 |
| Fred Swann | 5294 | N/A | Jamestown | Gastonia | 3/17/2017 |
| Frederic Watson | 7436 | N/A | Jamestown | Monroe | 3/17/2017 |
| Cody Furrow | 5240 | Furco Dist Inc | Jamestown | Henderson | 3/17/2017 |
| Gabriel Nicholson | 7461 | N/A | Jamestown | Albemarle | 3/17/2017 |

| DISTRIBUTOR /(Owner) if Corporation | Route | Corp Name | Bakery Contracted With | Warehouse | Claims Released Through |
|---|---|---|---|---|---|
| Gary Gray | 5354 | N/A | Jamestown | Asheboro | 3/17/2017 |
| Gary Lane Roark | 5310 | N/A | Jamestown | Wilkesboro | 10/8/2016 |
| Gary Teague | 6834 | N/A | Jamestown | Wilkesboro | 3/17/2017 |
| Glenda Moore | 5351 | N/A | Jamestown | Salisbury | 9/19/2016 |
| Gordon Gillelan | 5303 | N/A | Jamestown | Rock Hill | 3/17/2017 |
| Hank T Fender  (Deceased) | 5295 | N/A | Jamestown | Gastonia | 3/17/2017 |
| James Nathanael Dunn- Jones | 5314 | N/A | Jamestown | Statesville | 3/17/2017 |
| James T Vinson | 7135 | N/A | Jamestown | Monroe | 3/17/2017 |
| James West | 5258 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Antonio Brooks | 5249 | Jantonio Inc | Jamestown | Burlington | 3/17/2017 |
| Jason H. Blakely | 5262 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Jason Rogers | 6781 | N/A | Jamestown | Salisbury | 3/17/2017 |
| Jason S. Loper | 5218 | N/A | Jamestown | Greensboro | 3/17/2017 |
| Jeff Kirk | 5268 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Jeffrey C Catlett | 8057 | N/A | Jamestown | Burlington | 3/17/2017 |
| Jeffrey Davis | 5270 | N/A | Jamestown | Kannapolis | 3/17/2017 |
| Jerome M Martin | 9981 | N/A | Jamestown | Monroe | 3/17/2017 |
| Joseph Gaetani | 7085 | N/A | Jamestown | Monroe | 8/29/2015 |
| Justin Russell Horton | 5230 | N/A | Jamestown | Durham | 11/7/2015 |
| Karen Fritch | 5259 | N/A | Jamestown | Charlotte | 8/22/2015 |
| Ken Kirk | 5266 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Kenneth Ray Smith | 8052 | N/A | Jamestown | Greensboro | 3/13/2016 |
| Kevin D. Blake | 5211 | N/A | Jamestown | Greensboro | 3/17/2017 |
| Kevin E. Halfast | 8054 | N/A | Jamestown | Henderson | 3/17/2017 |
| Kevin Long | 5248 | N/A | Jamestown | Burlington | 3/17/2017 |
| Kevin N. Harwood | 5327 | N/A | Jamestown | Morganton | 3/17/2017 |
| Kirk Akers | 7075 | N/A | Jamestown | Kannapolis | 3/17/2017 |
| Kwame O. Yearwood | 5234 | N/A | Jamestown | Durham | 3/17/2017 |
| Kyle Bumgarner | 5246 | N/A | Jamestown | Burlington | 3/17/2017 |
| Larry M. Conrad | 5280 | N/A | Jamestown | Monroe | 3/17/2017 |
| Lloyd B. Lowery | 5269 | N/A | Jamestown | Salisbury | 3/17/2017 |
| Mario N. Ronchetti | 5271 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Mark Correll | 5264 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Mark E. Barrier | 5326 | N/A | Jamestown | Morganton | 3/17/2017 |
| Matthew Carpenter | 7752 | N/A | Jamestown | Gastonia | 5/30/2016 |
| Michael Austin | 5276 | N/A | Jamestown | Monroe | 3/17/2017 |
| Michael W Lowder | 5345 | N/A | Jamestown | Salisbury | 5/7/2016 |
| Mickey Dudley | 5334 | N/A | Jamestown | Winston | 3/17/2017 |
| Paul Koerfer | 6520 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Paul L. English | 6785 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Phillip J. Hedrick | 5342 | N/A | Jamestown | Salisbury | 3/17/2017 |
| Randall Stegall | 5352 | N/A | Jamestown | Salisbury | 3/17/2017 |
| Randy Houchins | 5223 | N/A | Jamestown | Eden | 3/17/2017 |
| Ricky S. Chriscoe | 5335 | N/A | Jamestown | Winston | 3/17/2017 |
| Robert D. Haigler | 7070 | N/A | Jamestown | Kannapolis | 3/17/2017 |
| Robert E Mason | 8043 | N/A | Jamestown | Charlotte | 3/17/2017 |
| Robert K. Roten | 5341 | N/A | Jamestown | Winston | 3/17/2017 |
| Robert Moss | 5238 | N/A | Jamestown | Henderson | 9/19/2015 |
| Robert Stephen Reese | 5247 | N/A | Jamestown | Burlington | 3/17/2017 |

| DISTRIBUTOR /(Owner) if Corporation | Route | Corp Name | Bakery Contracted With | Warehouse | Claims Released Through |
|---|---|---|---|---|---|
| Rodney D. Brown | 5355 | N/A | Jamestown | Asheboro | 3/17/2017 |
| Rodney Kerley | 5239 | N/A | Jamestown | Henderson | 2/6/2017 |
| Roger Paskadarel Jackson | 6833 | N/A | Jamestown | Winston | 12/17/2016 |
| Ronald Giammarinaro | 7075 | N/A | Jamestown | Kannapolis | 7/2/2016 |
| Ronnie Mack Rominger | 5309 | N/A | Jamestown | Wilkesboro | 8/13/2016 |
| Ryan M. Burke | 9619 | N/A | Jamestown | Salisbury | 3/17/2017 |
| Samuel B. Kerr | 5348 | N/A | Jamestown | Albemarle | 3/17/2017 |
| Sandy Griffin | 5347 | N/A | Jamestown | Albemarle | 3/17/2017 |
| Sergio A. Reyes | 5236 | N/A | Jamestown | Durham | 3/17/2017 |
| Terry Luther Sanders | 6883 | N/A | Jamestown | Henderson | 3/17/2017 |
| Thomas Dale Matthews | 5231 | N/A | Jamestown | Durham | 3/17/2017 |
| Timothy King | 5275 | N/A | Jamestown | Monroe | 3/17/2017 |
| Timothy Pope | 5279 | N/A | Jamestown | Monroe | 2/13/2017 |
| Todd Freeman | 5237 | N/A | Jamestown | Durham | 3/17/2017 |
| Tonya McGrew | 5284 | N/A | Jamestown | Hamlet | 3/17/2017 |
| Tracy Earl Church | 5311 | N/A | Jamestown | Wilkesboro | 3/17/2017 |
| Walter Bellamy | 5293 | N/A | Jamestown | Gastonia | 3/17/2017 |
| Walter Futch | 5227 | N/A | Jamestown | Durham | 3/17/2017 |
| Warren M Burrell Jr. | 5339 | N/A | Jamestown | Winston | 7/2/2016 |
| Wesley Smith | 5212 | N/A | Jamestown | Greensboro | 3/17/2017 |
| William Coalson Jr | 5337 | N/A | Jamestown | Winston | 3/17/2017 |
| William R. Collins Jr. | 5340 | N/A | Jamestown | Winston | 3/17/2017 |
| William T Oliver | 8042 | N/A | Jamestown | Charlotte | 3/17/2017 |
| William White | 5290 | N/A | Jamestown | Gastonia | 11/7/2016 |
| Jacky Stewart | 6464 | N/A | Batesville | Jackson, TN | 3/29/2017 |
| Brandy Anderson | 6382 | N/A | Batesville | Jackson, TN | 3/29/2017 |
| James Michael Dick | 6025 | N/A | Batesville | Dresden, TN | 1/30/2017 |
| Robert Oliver, Jr. | 4179 | N/A | Batesville | Thomas Road | 11/30/2013 |
| Randall Cox | 4189 | N/A | Batesville | Jackson, TN | 8/1/2016 |
| Keith B. Lewis | 7676 | N/A | Batesville | Stateline, MS | 3/29/2017 |
| Orlando Shaw | 4205 | N/A | Batesville | Malone Road | 11/1/2014 |
| Jamille Jones | 4201 | N/A | Batesville | Malone Road | 11/29/2014 |
| John Hampton | 4208 | N/A | Batesville | Southaven, MS | 3/29/2017 |
| Detrich K. Driver | 7002 | N/A | Batesville | Malone Road | 2/7/2015 |
| Gary Wilson | 4202 | N/A | Batesville | Stateline, MS | 3/29/2017 |
| Matthew Gilbert | 4203 | N/A | Batesville | | 7/21/2014 |

# EXHIBIT 7

## PROPOSED SETTLEMENT NOTICE TO FORMER DISTRIBUTORS

### COLLECTIVE ACTION SETTLEMENT NOTICE

*Matthew Green, et al. v. Flowers Foods, Inc., et al.*
No. _____ (W.D. Tenn.)

**TO:**    **[INSERT CLASS MEMBER NAME]**

The United States District Court for the Western District of Tennessee has authorized this Notice, which summaries the settlement of this collective action lawsuit and explains what you must do to recover money under the settlement.

If you timely submit a Claim Form and Release in the manner discussed below, your individual share of the settlement will be at least $_____. Please read this document carefully.

### I.    What is this lawsuit about?

The United States District Court for the Western District of Tennessee ("the Court") oversees this lawsuit, which was filed on _____, 2018 by twenty-one current and former Distributors who owned distributorships affiliated with thirteen different subsidiaries of Flowers Foods. Plaintiffs brought this lawsuit against Defendants Flowers Baking Co. of Birmingham, LLC; Flowers Baking Co. of Gadsden, LLC; Flowers Baking Co. of Bardstown, LLC; Flowers Baking Co. of Denton, LLC; Flowers Baking Co. of New Orleans, LLC; Flowers Baking Co. of Baton Rouge, LLC; Flowers Baking Co. of Opelika, LLC; Flowers Baking Co. of Batesville, LLC; Flowers Baking Co. of Jamestown, LLC; Flowers Baking Co. of Knoxville, LLC; Flowers Baking Co. of Morristown, LLC; Flowers Baking Co. of Lynchburg, LLC; and Flowers Baking Co. of Lenexa, LLC (collectively "Flowers Baking Entities" or individually "Flowers Baking Entity") and Flowers Foods, Inc. ("Flowers") (together, "Defendants" or "Flowers").

In the lawsuit, Plaintiffs allege that Flowers violated the Fair Labor Standards Act ("FLSA") by failing to classify them and other Distributors as "employees." Specifically, Plaintiffs assert that, as a result of this alleged misclassification, they and the Class Members they seek to represent were improperly denied overtime pay. Certain legal mechanisms allow multiple claimants to sue together for the same relief. For the FLSA claims, this mechanism is known as a collective action. Plaintiffs have sought to assert their FLSA claims as a collective action.

Flowers opposes the lawsuit and denies all of Plaintiffs' allegations. Flowers contends that they complied with all applicable federal and state laws and regulations at all times and have asserted various defenses to Plaintiffs' claims. Flowers also disputes that this lawsuit can proceed as collective action, which would mean that each individual who wants to assert the kind of claim asserted in this lawsuit would have to do so individually and on his or her own behalf.

The Court has not decided who is right or wrong or who will win the lawsuit, nor has the Court decided whether the case should proceed as a collective action. Instead, both sides agreed to a settlement. The settlement is made on a collective action basis and covers Distributors who signed a Distributor Agreement with a Flowers Baking Entity during the appropriate Covered Period, as defined in the Settlement Agreement, and who did not previously sign a new Distributor Agreement or Amendment to the Distributor Agreement containing an Arbitration Agreement with a class action waiver. These individuals are referred to as Class Members.[1] Plaintiffs and their attorneys believe that the settlement is beneficial for all Class Members.

## II.        Why did I get this Notice?

You received this Notice because you are a Class Member, as defined above.

This lawsuit has been settled subject to Court approval. As a Class Member, you have the right to participate in the settlement. This Notices describes your options under the settlement.

## III.       What does the settlement provide?

The total settlement amount is $9,000,000.00, which is allocated as follows: (1) individual payments to Qualified Class Members (as defined below); (2) service payments of $25,000 or $30,000 to each of the twenty-one Named Plaintiffs for their efforts in bringing and prosecuting this case; and (3) Class Counsel attorneys' fees in the amount of $3,600,000.00; and up to $58,000.00 for Class Counsel expenses.

Class Members who timely and properly return the enclosed **Claim Form and Release, and follow all other required steps described in Section 4 below**, are called "Qualified Class Members." All Qualified Class Members will be eligible for a settlement payment. Each Qualified Class Member's share of the settlement proceeds will be determined based upon a formula accounting for the number of weeks during the Covered Period that the Qualified Class Member owned a distributorship with any Flowers Baking Entity. Notwithstanding the forgoing, any weeks during which any Flowers Baking Entity operated a Qualified Class Member's territory on behalf of the Qualified Class Member due to a termination of the Qualified Class Member's Distributor Agreement will not be included in the calculations. Also, Qualified Class Members who operated more than one territory simultaneously will only receive credit once for each calendar week. Thus, under the formula, those Qualified Class Members who owned a owned a distributorship with any Flowers Baking Entity for longer periods will receive a larger settlement share than those who owned a distributorship with any Flowers Baking Entity for only a short time. Finally, Qualified Class Members who have already received a settlement payment for FLSA claims in connection with another lawsuit (*Rehberg*[2] or *Stewart*[3]) will only be eligible

---

[1] A number other individuals are also considered Class Members for purposes of the Settlement Agreement, as outlined in the Settlement Agreement. If you have any questions concerning your status as a Class Member, contact the attorneys in Section VI below.

[2] *Scott Rehberg, et al. v. Flowers Foods, Inc., et al.*, Case No.: 3:12-cv-00596, United States District Court, Western District of North Carolina.

[3] *Stewart et al. v. Flowers Foods, Inc., et al.*, Case No.: 15-1162, United States District Court, Western District of Tennessee.

to receive a payment for the time during the Covered Period for which they have not previously received a payment and waived their claims.

Under the settlement, if you follow the steps described in Section 4, you are entitled to an individual payment of at least $_____ ("Settlement Payment").

Unless you are incorporated, fifty (50%) of your allotted Settlement Payment will be treated as payment for overtime under the FLSA and will be subject to certain withholdings for statutory employees (your share of Social Security and Medicare taxes will be deducted from your payment). This half will be reported on an IRS Form W-2 for statutory employees. The other fifty (50%) of your allotted Settlement Payment will be characterized as payment for alleged liquidated damages. This half of your Settlement Payment is not subject to withholding and will be reported on an IRS Form 1099. You will be responsible for the filing and payment of any taxes for any payment you receive.

Importantly, you must follow the instructions in Section 4 below to receive your payment.

**IV.    What does the settlement provide?**

To recover money under the settlement, you must complete the following steps:

First, you must complete and return the Claim Form and Release to the Settlement Administrator by First Class Mail, fax, or email on or before _____, 2019. To be valid, the Settlement Administrator must receive your Claim Form and Release by this date.

> Settlement Administrator
> Flowers Collective Action Settlement
> PO Box 1440
> Minneapolis, MN 55440
> PHONE
> FAX
> EMAIL

Be sure to check the blank next to the box reading: "I want to participate in the settlement and receive my Settlement Payment." Failure to check this box will result in no Settlement Payment.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to the Settlement Administrator at the above mailing address or email address.

By participating in the settlement, you cannot sue, continue to sue, or be part of any lawsuit against

Flowers or any Flowers Baking Entity about the legal claims resolved by this settlement. You will be bound by the release of claims, the terms of which are provided in the enclosed Claim Form and Release.

If you have any questions about the rights you would be giving up by participating in this settlement, you should contact one of the attorneys listed in Section VI below or consult with another attorney.

**V.     How can I exclude myself from the settlement?**

You are not required to participate in the settlement. If you wish to be excluded from the settlement, you do not have to do anything.

If you do not participate in the settlement, you will *not* release any legal claims against Flowers, and you *will not* receive a Settlement Payment.

**VI.     Who is serving as my attorney?**

The Court has designated the following law firm to serve as "Class Counsel" and represent the Class Members' interests: Jackson, Shields, Yeiser, & Holt, Attorneys at Law; 262 German Oak Dr., Memphis, TN 38018 (phone: 800-872-8001), http://www.jsylawfirm.com/; and Sherman Silverstein Kohl Rose & Podolsky, P.A., Attorneys at Law, 308 Harper Dr. # 200, Moorestown, NJ 08057 (phone: 856-662-0700), https://www.sskrplaw.com/.

**The above attorneys are available to answer your questions in strict confidence. Please do not hesitate to contact them. But they may not consult on the tax consequences of participating or not participating in the settlement.**

You may also retain or consult with any attorney of your choice concerning the lawsuit, the settlement, or your rights under the settlement.

**VII.     How will the attorneys get paid?**

To date, the law firms identified in Section VI have worked on this lawsuit without receiving any payments for their time or expenses. Under the settlement, these law firms will receive attorneys' fees and costs as set forth in Section III. The actual amount awarded to these law firms will be determined by the Court. Whatever the amount, you will not pay any attorney's fees or expenses out of your individual settlement payment.

**VIII.     How do I obtain more information?**

This Notice summarizes the most important aspects of the proposed settlement. You can obtain further information by contacting the attorneys listed in Section VI above. You can also visit http://www.tnwd.uscourts.gov/pacer.php to find additional pleadings and filings from this case.

# EXHIBIT 8

**PROPOSED SETTLEMENT NOTICE TO CURRENT DISTRIBUTORS**

---

## COLLECTIVE ACTION SETTLEMENT NOTICE

*Matthew Green, et al. v. Flowers Foods, Inc., et al.*
No. _____ (W.D. Tenn.)

**TO:**   **[INSERT CLASS MEMBER NAME]**

The United States District Court for the Western District of Tennessee has authorized this Notice, which summaries the settlement of this collective action lawsuit and explains what you must do to recover money under the settlement.

If you timely submit a Claim Form and Release in the manner discussed below, your individual share of the settlement will be at least **$_____**. Please read this document carefully.

### I.   What is this lawsuit about?

The United States District Court for the Western District of Tennessee ("the Court") oversees this lawsuit, which was filed on _____, 2018 by twenty-one current and former Distributors who owned distributorships affiliated with thirteen different subsidiaries of Flowers Foods. Plaintiffs brought this lawsuit against Defendants Flowers Baking Co. of Birmingham, LLC; Flowers Baking Co. of Gadsden, LLC; Flowers Baking Co. of Bardstown, LLC; Flowers Baking Co. of Denton, LLC; Flowers Baking Co. of New Orleans, LLC; Flowers Baking Co. of Baton Rouge, LLC; Flowers Baking Co. of Opelika, LLC; Flowers Baking Co. of Batesville, LLC; Flowers Baking Co. of Jamestown, LLC; Flowers Baking Co. of Knoxville, LLC; Flowers Baking Co. of Morristown, LLC; Flowers Baking Co. of Lynchburg, LLC; and Flowers Baking Co. of Lenexa, LLC (collectively "Flowers Baking Entities" or individually "Flowers Baking Entity") and Flowers Foods, Inc. ("Flowers") (together, "Defendants" or "Flowers").

In the lawsuit, Plaintiffs allege that Flowers violated the Fair Labor Standards Act ("FLSA") by failing to classify them and other Distributors as "employees." Specifically, Plaintiffs assert that, as a result of this alleged misclassification, they and the Class Members they seek to represent were improperly denied overtime pay. Certain legal mechanisms allow multiple claimants to sue together for the same relief. For the FLSA claims, this mechanism is known as a collective action. Plaintiffs have sought to assert their FLSA claims as a collective action.

Flowers opposes the lawsuit and denies all of Plaintiffs' allegations. Flowers contends that they complied with all applicable federal and state laws and regulations at all times and have asserted various defenses to Plaintiffs' claims. Flowers also disputes that this lawsuit can proceed as collective action, which would mean that each individual who wants to assert the kind of claim asserted in this lawsuit would have to do so individually and on his or her own behalf.

The Court has not decided who is right or wrong or who will win the lawsuit, nor has the Court decided whether the case should proceed as a collective action. Instead, both sides agreed to a settlement. The settlement is made on a collective action basis, and covers Distributors who signed a Distributor Agreement with a Flowers Baking Entity during the appropriate Covered Period, as defined in the Settlement Agreement, and who did not previously sign a new Distributor Agreement or Amendment to the Distributor Agreement containing an Arbitration Agreement with a class action waiver.  These individuals are referred to as Class Members.[1] Plaintiffs and their attorneys believe that the settlement is beneficial for all Class Members.

## II.      Why did I get this Notice?

You received this Notice because you are a Class Member, as defined above.

This lawsuit has been settled subject to Court approval. As a Class Member, you have the right to participate in the settlement. This Notices describes your options under the settlement.

## III.      What does the settlement provide?

The total settlement amount is $9,000,000.00, which is allocated as follows: (1) individual payments to Qualified Class Members (as defined below); (2) service payments of $25,000 or $30,000 to each of the twenty-one Named Plaintiffs for their efforts in bringing and prosecuting this case; and (3) Class Counsel attorneys' fees in the amount of $3,600,000.00; and up to $58,000.00 for Class Counsel expenses.

Class Members who timely and properly return the enclosed **Claim Form and Release, and follow all other required steps described in Section 4 below**, are called "Qualified Class Members." All Qualified Class Members will be eligible for a settlement payment. Each Qualified Class Member's share of the settlement proceeds will be determined based upon a formula accounting for the number of weeks during the Covered Period that the Qualified Class Member owned a distributorship with any Flowers Baking Entity. Notwithstanding the forgoing, any weeks during which any Flowers Baking Entity operated a Qualified Class Member's territory on behalf of the Qualified Class Member due to a termination of the Qualified Class Member's Distributor Agreement will not be included in the calculations. Also, Qualified Class Members who operated more than one territory simultaneously will only receive credit once for each calendar week. Thus, under the formula, those Qualified Class Members who owned a owned a distributorship with any Flowers Baking Entity for longer periods will receive a larger settlement share than those who owned a distributorship with any Flowers Baking Entity for only a short time.  Finally, Qualified Class Members who have already received a settlement payment for FLSA claims in connection with another lawsuit (*Rehberg*[2] or *Stewart*[3]) will only be eligible

---

[1] A number of other individuals are also considered Class Members for purposes of the Settlement Agreement, as outlined in the Settlement Agreement. If you have any questions concerning your status as a Class Member, contact the attorneys in Section VI below.

[2] *Rehberg, et al.* v. *Flowers Foods, Inc., et al.,* Case No.: 3:12-cv-00596, United States District Court, Western District of North Carolina.

[3] *Stewart et al.* v. *Flowers Foods, Inc. , et al.*, Case No.: 15-1162, United States District Court, Western District of Tennessee.

to receive a payment for the time during the Covered Period for which they have not previously received a payment and waived their claims.

Under the settlement, if you follow the steps described in Section 4, you are entitled to an individual payment of at least $_____ ("Settlement Payment

Unless you are incorporated, fifty (50%) of your allotted Settlement Payment will be treated as payment for overtime under the FLSA and will be subject to certain withholdings for statutory employees (your share of Social Security and Medicare taxes will be deducted from your payment). This half will be reported on an IRS Form W-2 for statutory employees. The other fifty (50%) of your allotted Settlement Payment will be characterized as payment for alleged liquidated damages. This half of your Settlement Payment is not subject to withholding and will be reported on an IRS Form 1099. You will be responsible for the filing and payment of any taxes for any payment you receive.

Importantly, you must follow the instructions in Section 4 below to receive your payment.

**IV.     What does the settlement provide?**

To recover money under the settlement, you must complete the following steps:

First, you must complete and return the Claim Form and Release to the Settlement Administrator by First Class Mail, fax, or email on or before _____, 2019. To be valid, the Settlement Administrator must receive your Claim Form and Release by this date.

> Settlement Administrator
> Flowers Collective Action Settlement
> PO Box 1440
> Minneapolis, MN 55440
> PHONE
> FAX
> EMAIL

Be sure to check the blank next to the box reading: "I want to participate in the settlement and receive my Settlement Payment." Failure to check this box will result in no Settlement Payment.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to the Settlement Administrator at the above mailing address or email address.

Second, because you are currently an active Distributor, you must also sign an Amendment to the Distributor Agreement and attached Arbitration Agreement with a class action waiver in order to participate in the Settlement and receive a Settlement Payment.  A copy of the Amendment and attached Arbitration Agreement with a class action waiver is attached as

3

**Attachment 1.** You must return both the executed Amendment to the Distributor Agreement and attached Arbitration Agreement with a class action waiver by _____ to receive a Settlement Payment. If you fail to sign the Amendment to the Distributor Agreement and attached Arbitration Agreement with a class action waiver by this deadline, you will not be eligible to receive a Settlement Payment.

By participating in the settlement, you cannot sue, continue to sue, or be part of any lawsuit against Flowers or any Flowers Baking Entity about the legal claims resolved by this settlement. You will be bound by the release of claims, the terms of which are provided in the enclosed Claim Form and Release.

If you have any questions about the rights you would be giving up by participating in this settlement, you should contact one of the attorneys listed in Section VI below or consult with another attorney.

## V.     What is the Amendment to the Distributor Agreement and Arbitration Agreement?

As discussed above, because you are a current Distributor, to receive a settlement payment, in addition to timely and properly submitting a Claim Form and Release, you must also sign the Amendment to the Distributor Agreement and attached Arbitration Agreement with a class action waiver. The Amendment to the Distributor Agreement and attached Arbitration Agreement with a class action waiver revises your current Distributor Agreement in multiple ways, including by, for example, eliminating of the right of first refusal provision, and eliminating the covenant not to compete.

The Amendment to the Distributor Agreement also contains an Arbitration Agreement governing disputes that may arise between you and the Flowers subsidiaries (collectively the "Company"). As discussed above, you must sign the Amendment to the Distributor Agreement and attached Arbitration Agreement with a class action waiver to recover the Settlement Payment.

Arbitration is an alternative method of resolving disputes in which two parties present their individual sides of a complaint to an arbitrator, instead of filing a lawsuit. An arbitrator is a neutral person selected by the parties in accordance with rules established by the American Arbitration Association. The arbitrator weighs the facts and arguments of both parties and then decides the dispute in accordance with the law and facts. The arbitrator's decision is binding and the results are not public.

**You and the Company will be required to submit any dispute that may arise between you to binding arbitration. This arbitration is limited to individual claims and you waive your right to sue and participate in any class action lawsuit. This means that if you sign the Amendment to the Distributor Agreement and attached Arbitration Agreement with a class action waiver, you will be limited to relief on an individual basis and cannot bring claims on behalf of others or participate in such actions. The arbitration agreement does**

**not limit what types of individual claims you may bring, nor does it limit the amount or type of damages you can collect if you win.**

The Company will pay all filing fees and costs customarily associated with arbitration except for your attorney fees (if you choose to hire an attorney). If you win, however, the arbitrator may award you costs and attorneys' fees to the same extent costs and attorneys' fees may be awarded in Court.

Whether to agree to arbitration is an important business decision. There are pros and cons of arbitration that you should carefully consider and discuss with an attorney. Some pros of arbitration in comparison to going to court include: it is often less expensive; it is faster; it can be more flexible; the rules of evidence and procedure are simplified; it is less formal; you and the Company can select the arbitrator best suited to your case; it is private; and you can recover the same types of damages you could recover in court. Some of the cons of arbitration in comparison to going to court include: limited right to appeal the arbitrator's decision; no jury; the rules of evidence are not strictly applied; awards in arbitrations may be inconsistent; and less transparency because the proceeding is not public.

## VI.    Who is serving as my attorney?

The Court has designated the following law firm to serve as "Class Counsel" and represent the Class Members' interests: Jackson, Shields, Yeiser, & Holt, Attorneys at Law; 262 German Oaks Dr., Memphis, TN 38018 (phone: 800-872-8001), http://www.jsylawfirm.com/; and Sherman Silverstein Kohl Rose & Podolsky, P.A., Attorneys at Law, 308 Harper Dr. # 200, Moorestown, NJ 08057 (phone: 856-662-0700), https://www.sskrplaw.com/.

**The above attorneys are available to answer your questions in strict confidence. Please do not hesitate to contact them. But they may not consult on the tax consequences of participating or not participating in the settlement.**

You may also retain or consult with any attorney of your choice concerning the lawsuit, the settlement, or your rights under the settlement.

## VII.   How will the attorneys get paid?

To date, the law firms identified in Section VI have worked on this lawsuit without receiving any payments for their time or expenses. Under the settlement, these law firms will receive attorneys' fees and costs as set forth in Section III. The actual amount awarded to these law firms will be determined by the Court. Whatever the amount, you will not pay any attorney's fees or expenses out of your individual settlement payment.

## VIII.  How do I obtain more information?

This Notice summarizes the most important aspects of the proposed settlement. You can obtain further information by contacting the attorneys listed in Section VII above. You can also visit http://www.tnwd.uscourts.gov/pacer.php to find additional pleadings and filings from this case.

# EXHIBIT 9

## DISTRIBUTOR REVIEW PANEL

The Distributor Review Panel is an internal dispute resolution process whereby an independent distributor may appeal to an internal review panel for resolution of contract-related disputes, such as whether a breach of contract notice was properly issued, whether the distributor failed to comply with good industry practice, etc. The Panel will be charged with analyzing the dispute between the complainant-distributor and the bakery and rendering a decision based on its findings.

The Panel will be composed of three (3) independent distributors who are not from the complainant-distributor's warehouse; a sales representative from the Company who is not involved with overseeing the bakery's business relationship with the complainant-distributor; and a representative from the corporate distributor enablement department who has not been involved in advising the Company on the matter under review by the Panel.

The Panel program provides an efficient and fair process for resolving independent distributor disputes internally. The Panel shall be drawn from an established pool of volunteers. All individuals who serve on the Panel shall be neutral to the dispute and have no or limited knowledge of the dispute prior to serving on the Panel. Panel members shall have also undergone the required training prior to serving on a Panel.

The Panel's decision is determined by a majority secret ballot vote and a written decision will be rendered.

# EXHIBIT 10

## DISTRIBUTOR ADVOCATE POSITION

The Distributor Advocate oversees the internal, alternative dispute resolution process for independent distributors. The individual holding this position has a reporting line independent of local bakery operations and reports to the Chief Compliance Officer. The Distributor Advocate is responsible for addressing distributor issues that cannot be resolved at the local level.

At the request of an independent distributor who has been unable to resolve a dispute with bakery management, the Distributor Advocate will be responsible for reviewing the dispute and working with the distributor and bakery management to reach an amicable resolution of the dispute. For disputes that the Distributor Advocate is unable to resolve, upon an independent distributor's request, the Distributor Advocate will determine whether the Distributor Review Panel has authority over the dispute and, if so, assist with empaneling a Distributor Review Panel to hear the dispute. The Distributor Advocate will also independently raise issues that affect independent distributors and work with bakery management to address those issues. The Distributor Advocate position requires significant interaction with the company's in-house attorneys, other departments at corporate and subsidiary levels, and independent distributors.

The Distributor Advocate will be certified by the International Ombudsman Association. Where practicable, the Advocate will operate in accordance with the International Ombudsman Association Standards of Practice and such organization's Code of Ethics.

Position Responsibilities and Major Duties

- Facilitate an internal, alternative dispute resolution process for specific disputes that arise between independent distributors and bakery management by:
  - Developing non-adversarial, conflict resolution approaches to resolving independent distributor concerns and issues, such as informal mediation, facilitation, conciliation, and shuttle diplomacy;
  - Working with independent distributors and bakery management to resolve disputes; and
  - Facilitating the Distributor Review Panel program.

- Serve as an advocate for the bakery's independent distributors through:
  - Monitoring independent distributor hotline calls to identify issues that affect all independent distributors and raise those issues with bakery management;
  - Attending Distributor Partnership Meetings and engaging in personal interactions with independent distributors to identify issues and concerns;
  - Preparing appropriate reports,

- Promote and encourage better communication between independent distributors and bakery management.